DAVID MURRELL WHEELING

v.

CITY OF ROANOKE

No. 0181-85

Decided March 18, 1986

COUNSEL

Leon P. Ferrance (Key and Tatel, on brief), for appellant.

Birdie H. Jamison, Assistant Commonwealth Attorney, for appellee.

OPINION

KOONTZ, C.J.—David Murrell Wheeling was convicted by a jury of driving while under the influence of alcohol. We granted this appeal to consider whether the evidence was sufficient to support the conviction.[1] We find that it was, and affirm.

On March 8, 1984, Ruth George's automobile was parked on First Street in the City of Roanoke. George was in the Capitol Restaurant. Wheeling was in the restaurant also. George testified that she saw Wheeling drinking coffee. Subsequently, Wheeling left the restaurant, but returned five to ten minutes thereafter, telling George that he had struck her automobile and would pay for the damage. George stated that Wheeling appeared to be

---

[1] Initially, we granted this appeal to also consider the legality of the court's sentence. Wheeling was sentenced to six months in jail, fined $300, and had his operator's license revoked for twelve months. Code § 18.2-271 provides that, upon conviction of driving under the influence of intoxicants, a defendant's operator's license shall be revoked for six months.

Subsequent to our granting an appeal, the circuit court judge corrected the sentence to conform with Code § 18.2-271 by entering an order *nunc pro tunc* changing the license revocation period from twelve to six months. The circuit court judge acted properly by entering this order.

> If an illegal sentence has been pronounced, the court has power to substitute a legal sentence, and its right to do this is not impaired by the circumstances that the illegal sentence has been partly executed, though that circumstance will undoubtedly be considered by the court in determining the extent of the defendant's punishment. This may be done after the expiration of the term of court at which the void sentence was pronounced; the imposition of the void sentence does not terminate the jurisdiction of the court.

*Powell v. Commonwealth*, 182 Va. 327, 340, 28 S.E.2d 687, 692 (1944) (quoting 15 Am. Jur. *Criminal Law* § 477 (1938)). *See also Coles v. State*, 290 Md. 296, 303, 429 A.2d 1029, 1032 (1981) ("A trial court clearly has the authority and responsibility to correct an illegal sentence at any time."); *Commonwealth v. Horsman*, 239 Pa. Super. 534, 361 A.2d 433, 434 (1976) ("A court has the inherent power to correct an unlawful sentence at any time."); *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978) ("As a general rule, a trial judge may correct an unlawful, as opposed to a merely erroneous, sentence at any time, even if it has become final.").

"normal."

Officer B. L. Booker arrived at the restaurant between forty-five and seventy-five minutes after the accident. He discovered that Wheeling had struck George's automobile with his own in attempting to maneuver out of his parking spot. In talking with Wheeling, he detected a strong odor of alcohol. Wheeling stated that he had consumed six to eight beers, but had not consumed any alcohol since the accident. Wheeling also admitted to driving the vehicle at the time of the accident. About ten minutes after his arrival, Officer Booker administered a series of field tests, and concluded that Wheeling had slurred speech, watery eyes, a pale complexion, and a swaying, unsteady gait. Officer Booker then arrested Wheeling for driving while under the influence of alcohol.

Wheeling argues that the evidence establishes that: (a) he was driving the vehicle at the time of the accident; and (b) Officer Booker concluded that Wheeling was intoxicated some fifty-five to eighty-five minutes after the accident had occurred. Consequently, Wheeling argues that the evidence is insufficient to prove that he was intoxicated *at the time of the accident.*

■ We cannot agree. Wheeling made two admissions to Officer Booker that are critical to our determination. First, Wheeling told Officer Booker that he had consumed six to eight beers that day. Second, Wheeling stated that he had not had anything alcoholic to drink since the accident. At trial Wheeling testifed that he drank a half pint of whiskey following the accident. Wheeling further testified that he didn't remember telling Officer Booker that he had not had anything alcoholic to drink since the accident. The jury was entitled to assess the credibility of these conflicting statements and testimony in arriving at its verdict. In *Beck* v. *Commonwealth*, 216 Va. 1, 4, 216 S.E.2d 8, 10 (1975), evidence of consumption of "around seven" beers during a period of less than five hours preceding an accident was held to be sufficient to raise an inference of intoxication. Reviewing the evidence in the present case on appeal in a light most favorable to the Commonwealth a similar inference is raised. Wheeling's admissions to Officer Booker and the testimony of Officer Booker in regard to Wheeling's appearance and lack of coordination, coupled with the inference of intoxication were sufficient to support the conviction.

Wheeling primarily relies on three cases in support of his argument. However, each of those cases is distinguishable from the instant case. In *Fowlkes* v. *Commonwealth*, 194 Va. 676, 74 S.E.2d 683 (1953), a Virginia State Trooper came upon an automobile that had turned upside down and skidded thirty feet off the road. The driver (Fowlkes) was standing by the car, staggering. He smelled of alcohol. Fowlkes stated that he had consumed "a couple of beers early in the afternoon." *Id.* at 677, 74 S.E.2d at 683-84. The Supreme Court found the evidence insufficient to support a conviction of driving while under the influence of intoxicants. There was no evidence as to when the accident occurred, or whether Fowlkes had consumed the beer before or after the accident. *Id.* at 678, 74 S.E.2d at 684. In the present case, the gaps in evidence in *Fowlkes* were filled. George testified as to the approximate time of the accident. Booker testified that Wheeling stated that he had not consumed alcohol subsequent to the accident. Thus, the jury had ample evidence to conclude that Wheeling was intoxicated at the time of the accident.

In *Coffey* v. *Commonwealth*, 202 Va. 185, 116 S.E.2d 257 (1960), the defendant, driving a pickup truck, was hit by another vehicle and forced off the road. A State Trooper arrived approximately one hour after the accident, smelled alcohol on Coffey's breath, and determined that he was intoxicated. The Supreme Court reversed Coffey's conviction for driving under the influence of intoxicants. Coffey's son testified that, subsequent to the accident but prior to the Trooper's arrival, he gave his father a drink of whiskey. Hence, the Commonwealth's evidence, while showing that Coffey was intoxicated upon the arrival of the Trooper, failed to show that he was intoxicated at the time he was driving the vehicle. *Id.* at 186-88, 116 S.E.2d at 258-59. In *Coffey*, there was evidence of drinking after the accident. Here, however, the jury was free to find otherwise in light of Wheeling's statement to Officer Booker.

In *Clemmer* v. *Commonwealth*, 208 Va. 661, 159 S.E.2d 664 (1968), the defendant drove his vehicle off a highway and through a fence onto a pasture. The owner of the pastureland approached the defendant, and noted that he was staggered and stuttering. The defendant then walked away from the scene and out of the landowner's sight. When later confronted by a State Trooper, the defendant was belligerent and unsteady. However, neither the

landowner nor the Trooper detected the odor of alcohol on the defendant. The Supreme Court found that the Commonwealth failed to carry its burden of proving that Clemmer was operating the vehicle while under the influence of intoxicants. Evidence was presented concerning Clemmer's belligerence, lack of coordination, and stuttering; however, there was no evidence that Clemmer had consumed intoxicants. *Id.* at 662-66, 159 S.E.2d at 665-67. Unlike Clemmer, Wheeling admitted to drinking six to eight beers. Additionally, Officer Booker testified that he detected the odor of alcohol on Wheeling's breath.

A recent Supreme Court case strikingly similar to the present case supports our conclusion that the evidence was sufficient for the jury to determine that Wheeling was intoxicated at the time he was operating the vehicle. In *Overbee v. Commonwealth*, 227 Va. 238, 315 S.E.2d 242 (1984), a State Trooper approached a pickup truck parked in the emergency lane of Interstate Highway 95. Overbee was standing in front of the vehicle with the hood raised. A passenger was in the passenger seat. The Trooper detected alcohol on Overbee's breath, and, upon questioning, Overbee admitted "that he had consumed one beer." *Id.* at 240, 315 S.E.2d at 243. Overbee also denied consuming any alcohol after stopping the vehicle. Overbee then was arrested for driving while under the influence of alcohol. *Id.* at 241, 315 S.E.2d at 243.

At trial, Overbee and the passenger related a different story. They claimed that Overbee placed a bottle of wine under the hood in the grill area of the truck in order to chill it. They testified that Overbee only drank alcohol after he stopped on the side of the highway shortly before the Trooper approached. Overbee testified that, upon seeing the Trooper, he tossed the bottle into the bushes. He claimed he did not admit to drinking the wine but instead concocted the story of the one beer out of fear of being arrested for drinking in public. *Id.*

The Supreme Court reversed Overbee's conviction on the ground that the results of Overbee's breath test were improperly admitted into evidence. They remanded the case for a new trial without the introduction of the test results. However, the Court noted that Overbee:

told the investigating officer that he had not consumed any alcoholic beverages after parking his truck and that earlier he had drunk a beer. Although Overbee and Burress [the passenger] offered testimony to the effect that Overbee's original statements to Lacey [the Trooper] were false and that Overbee had, in fact, drunk wine after stopping his truck, the jury could disbelieve this testimony and believe Overbee's statement to the officer that he had consumed no alcohol after parking. Such evidence, if believed, would be sufficient to exclude the otherwise reasonable hypothesis that Overbee parked his vehicle and then consumed alcoholic beverages.

*Id.* at 244, 315 S.E.2d at 245.

In Wheeling's case, it is obvious that the jury believed Wheeling's original statement to Officer Booker that he had not consumed alcohol after the accident. As a result, the jury was free to find that Wheeling was intoxicated at the time of the accident and to reject the otherwise reasonable hypothesis that he became intoxicated by consuming alcoholic beverages after the accident.

*Affirmed.*

Coleman, J., and Moon, J., concurred.