COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


WILLIAM L. GRIFFIN
                                              OPINION BY
v.          Record No. 0183-95-1     JUDGE NELSON T. OVERTON
                                           JUNE 25, 1996
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                        Norman Olitsky, Judge

            Darell L. Sayer (Ferrell, Backus, Sayer &
            Nicolo, P.C., on brief), for appellant.

            Eugene Murphy, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     William L. Griffin was convicted by a jury of attempted

robbery, malicious wounding, and use of a firearm in the

commission of a felony.  On appeal, Griffin contends that the

trial court erred by allowing the Commonwealth to make a rebuttal

argument in the sentencing phase of his bifurcated trial.

Finding no error, we affirm.

     Only the events at the sentencing phase are relevant to this

appeal.  After a jury returned guilty verdicts, the sentencing

phase was commenced.  Neither side presented testimony or other

evidence.  The defendant objected to the Commonwealth's proposed

rebuttal argument, arguing that the Commonwealth would receive an

unfair advantage.  The objection was overruled.  The defense did

not request a surrebuttal argument.  After both sides argued

before the jury, the Commonwealth made the following brief

rebuttal remarks:

> Ladies and gentlemen, very briefly, [Counsel for defense] says that imposing the minimum punishment, which would be an aggregate of 15 years if you added up all of those, that you could apply in these four matters would emphasize to the defendant the seriousness of what he's done. The maximum would also emphasize the seriousness of what he's done. It's within your discretion sitting as the City of Portsmouth, which the 12 of you are today looking at all the facts of the crime and what happened, to determine and set a punishment that is appropriate in this case. I know you take your job seriously. It's been reflected in how closely you listened to the evidence, the time you took deliberating yesterday to reach your verdict, and I know your penalty will be reached with the same deliberation and care and attention to your duty.
> I look forward to your verdict. Thank you.

The jury deliberated for fifteen minutes and came back with recommendations totaling a sentence of sixteen years.

In Virginia the Commonwealth traditionally has been permitted to "combat the argument of defendant's counsel . . . both with respect to the guilt of the accused and a proper measure of punishment." Martinez v. Commonwealth, 241 Va. 557, 560, 403 S.E.2d 358, 359-60 (1991) (quoting Timmons v. Commonwealth, 204 Va. 205, 216-17, 129 S.E.2d 697, 705 (1963)). In 1994, the General Assembly amended the Code to provide for bifurcated trials; the guilt phase was separated from the sentencing phase. This change precludes the Commonwealth from combatting the defendant's arguments as to guilt and sentencing in the same statement to the jury. The legislature did not alter

the Code with respect to the closing remarks, however, and the philosophy that the Commonwealth has a right to combat the defendant's arguments holds true.

> No rationale suggests a need to change this procedure. If the prosecutor's rebuttal comments (closing comments) are properly limited to their intended purpose, there would be no reason to permit the defendant to address the jury further. In the normal course of a summation to the jury, of necessity, only one side may open. The other party then has the opportunity to reply to his opponents [sic] opening argument, and in turn make his own argument to the jury. The one who spoke first then has the opportunity to answer the argument of his opponent. No new material should be injected into this final statement. (75 Am. Jur. 2d <u>Trial</u> § 214 (1974).) There is therefore no reason to permit further argument which presumably could only be justified for the purpose of replying to something stated in the other person's final statement.

<u>People v. Caballero</u>, 464 N.E.2d 223, 235 (Ill.), <u>cert. denied</u>, 469 U.S. 963 (1984). Indeed, in this case the Commonwealth discussed no new material and merely answered the argument of the defendant.

The trial judge must use proper discretion in determining the appropriateness and length of closing arguments. In this case, he allowed the Commonwealth to make a short rebuttal after the defendant's own argument. "[T]he conduct of a trial is committed to the trial judge's discretion, and absent evidence of an abuse of this discretion, we will not disturb his rulings on that subject." <u>Justus v. Commonwealth</u>, 222 Va. 667, 676, 283

S.E.2d 905, 910 (1981), cert. denied, 455 U.S. 983 (1982).

We hold that a rebuttal argument is permissible in the sentencing phase of a noncapital case.  Because we find no abuse of discretion by the trial judge in the instant case, we affirm the convictions.

Affirmed.