COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


JOHN RAYMOND LANGOWSKI
                                      MEMORANDUM OPINION[*] BY
v.          Record No. 1274-95-1      JUDGE RICHARD S. BRAY
                                         NOVEMBER 19, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                      Thomas S. Shadrick, Judge

            Andrew G. Wiggin, Assistant Public Defender,
            for appellant.

            Daniel J. Munroe, Assistant Attorney General
            (James S. Gilmore, III, Attorney General;
            Richard B. Smith, Assistant Attorney General,
            on brief), for appellee.


     John Raymond Langowski (defendant) was convicted by a jury

for malicious wounding and petit larceny.  On appeal, he contends

that the trial court erroneously (1) permitted closing arguments

during the sentencing phase of the bifurcated trial, (2) required

him to open the arguments, and (3) assured the Commonwealth a

right to argue, even if defendant elected to waive a like

opportunity.  Finding no error, we affirm the convictions.

     On April 1, 1994, defendant, suspected of stealing a

microwave oven, shot a K-Mart security guard investigating the

offense and was charged with malicious wounding, the related use

of a firearm and petit larceny.  During the sentencing phase of

_____

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the bifurcated trial for malicious wounding, defendant objected to the court "allowing any argument," reasoning that Code § 19.2–295.1 made no mention of "argument at all."  In overruling the objection, the court determined that "[e]ach side will be allowed an opportunity to argue sentencing with defense opening and the Commonwealth closing."  Defendant then objected to the order of argument, complaining that he was not "the one to go second," and requested that the Commonwealth be precluded from argument should defendant elect to waive.  Again, however, the objection was overruled and closing arguments proceeded in accordance with the court's ruling.

"On appeal, the judgment of the trial court is presumed correct.  The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled."  Johnson v. Commonwealth, 12 Va. App. 391, 396, 404 S.E.2d 384, 387 (1991) (citation omitted).  The trial court exercises broad discretion in the supervision of closing arguments, and its rulings will be reversed on appeal only for an abuse of such discretion.  O'Dell v. Commonwealth, 234 Va. 672, 703, 364 S.E.2d 491, 509, cert. denied, 488 U.S. 871 (1988); Jordan v. Taylor, 209 Va. 43, 51, 161 S.E.2d 790, 795 (1968).

At oral argument, defendant conceded that our recent decision in Griffin v. Commonwealth, 22 Va. App. 622, 472 S.E.2d 285 (1996), resolves the first and third assignments of error in

favor of the Commonwealth.[1]  Nevertheless, defendant persists in his contention that the court erroneously required him to first present his closing argument, thereby denying him "the last word to the jury."

> As we observed in Griffin,
> "[i]n the normal course of a summation to the jury, of necessity, only one side may open.  The other party then has the opportunity to reply to his opponents [sic] opening argument, and in turn make his own argument to the jury.  The one who spoke first then has the opportunity to answer the argument of his opponent. No new material should be injected into this final statement."

Id. at 624, 472 S.E.2d at 287 (quoting People v. Caballero, 464 N.E.2d 223, 235 (Ill.), cert. denied, 469 U.S. 963 (1984)).  "In Virginia[,] the Commonwealth traditionally has been permitted to 'combat the argument of defendant's counsel . . . both with respect to the guilt of the accused and a proper measure of punishment.'"  Id. at 624, 472 S.E.2d at 286 (quoting Martinez v. Commonwealth, 241 Va. 557, 560, 403 S.E.2d 358, 359-60 (1991)).  Guided by these well established principles, we are unable to conclude that the trial judge abused his discretion in structuring the closing arguments in this instance.  See O'Dell, 234 Va. at 703, 364 S.E.2d at 509; Jordan, 209 Va. at 51, 161 S.E.2d at 795; Griffin, 22 Va. App. at 624-25, 472 S.E.2d at 286-87.

Moreover, defendant did not request leave to present

---

[1]Defendant filed his opening brief on May 30, 1996, and our decision in Griffin was released on June 25, 1996.

- 3 -

rebuttal following the Commonwealth's argument, but simply sought to "go second."  Defendant, therefore, "failed to obtain a ruling from the court [on this issue]. . . .  Because he was denied nothing by the trial court, there is no ruling for us to review."[2]  Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993); see Rule 5A:18.

Accordingly, we affirm the convictions.

Affirmed.

---

[2]Under such circumstances, we do not decide whether the refusal to allow rebuttal argument to a similarly situated accused would constitute an abuse of discretion.  See Rule 5A:18.