COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Frank
Argued at Richmond, Virginia


EDWARD FARREN
                                          OPINION BY
v.    Record No. 0714-98-2      JUDGE RUDOLPH BUMGARDNER, III
                                           JULY 13, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                  Herbert C. Gill, Jr., Judge

          Harry M. Johnson, Jr. (Smith, Hinton &
          Johnson, on brief), for appellant.

          Steven A. Witmer, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Edward Farren appealed his convictions of driving under the

influence (second offense) and refusing to submit to a breath or

blood test in violation of Code §§ 18.2-266 and 18.2-268.3.  He

contends the trial court erred:  (1) by refusing to recuse

himself, (2) by allowing the Commonwealth to make a final

argument after it waived closing, and (3) by finding the

evidence was sufficient to convict.  Concluding that the trial

court did not err, we affirm.

     On appeal, we consider the evidence in the light most

favorable to the prevailing party below, granting to it all

reasonable inferences fairly deducible therefrom.  See Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).  We

must discard the evidence of the accused in conflict with that of the Commonwealth, see Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988), and not substitute our judgment for that of the fact finder. See Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).

Officer Jeffrey Kencitzski was driving behind the defendant and saw him travelling faster than the other cars, switch lanes without signaling, and tailgate only one foot from the car in front of him. After stopping the defendant, the officer smelled the odor of alcohol and noted that the defendant's eyes were very glazed and red. The defendant slurred his speech, his head wobbled, and he admitted, "I drank a lot. I don't recall how much." After the officer had the defendant get out of the car, he noted that the defendant still smelled of alcohol, was unsteady on his feet, and had to lean on the car for balance. The defendant refused to perform any field sobriety tests.

The officer arrested the defendant, but the defendant resisted, and another officer had to assist in putting the defendant in the police car. The arresting officer tried four to six times to advise the defendant of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and the implied consent law. The defendant insisted repeatedly that he could not hear the officer and became belligerent. After the defendant tried to kick the radio out of the dashboard, the officer called for a prisoner transport van. When the defendant was removed from the

police car, he again resisted and had to be forced to the ground.

The officer took the defendant before a magistrate. When the magistrate attempted to explain his rights under the implied consent law, the defendant repeatedly interrupted and refused to remain quiet even when directed to do so. The magistrate ordered the officer to remove the defendant, but he physically resisted being returned to the holding cell.

The magistrate went to the holding cell and attempted again to read the defendant his rights. The defendant refused to listen. The magistrate ordered him to read it, but the defendant responded by saying that he could not read without his glasses on. When told to put on his glasses, the defendant refused to read the form and subsequently refused to sign it.

The circuit court first arraigned the defendant on the driving under the influence charge.[1] He pled not guilty and waived his right to a jury trial. Next, it arraigned him on the unreasonable refusal charge. Again, he pled not guilty and waived jury trial. Then, the defendant requested "the Court

---

[1] At the trial, the defendant made the following comment:

> [DEFENSE COUNSEL]: I believe the Code says they have to be tried separately.
>
> THE COURT: All right. We will try him separately. We'll arraign him on both charges and we'll try him separately.

. . . for a continuance to another judge . . . ," because knowledge "that a man is charged with refusal, . . . poisons the Court."  The trial court ruled, "[t]hat will not prejudice the Court in hearing this case," and denied the motion to recuse. The defendant argues that the joint arraignment violated the requirement that the refusal charge be tried subsequent to the driving under the influence charge because the trial started at the arraignment.  He also argues that the trial judge was aware of the refusal charge because of the arraignment and erred in not recusing himself.  We disagree.

The trial court heard the evidence on the driving under the influence charge, found the defendant guilty, and imposed its sentence.  The evidence of the defendant's refusal was not presented or considered by the trial court during the driving under the influence trial.  It then called the first witness for the trial of the unreasonable refusal charge.  The parties stipulated all the evidence from the first trial, and the trial court found the defendant guilty.

An unreasonable refusal charge must be tried subsequent to the trial of a related charge of driving under the influence. See Code § 18.2-268.3(D).  However, it does not follow that the two charges were tried together in violation of the statutory mandate if arraignment was held on the refusal charge before the trial court heard any evidence on the charge of driving under the influence.

The trial court conducted these two proceedings independently of each other. As used in the statute, "trial" refers to the hearing of the evidence on the charge. See City of Virginia Beach v. Reneau, 217 Va. 867, 868, 234 S.E.2d 241, 242 (1977) (citing Deaner v. Commonwealth, 210 Va. 285, 289, 170 S.E.2d 199, 201 (1969) (refusal proceeding is civil)). The hearing of the evidence must be what is subsequent to the hearing of the evidence on the first charge. See id. at 868, 234 S.E.2d at 242.

The trial court heard the evidence in the driving under the influence case and found the defendant guilty. The trial court then heard the evidence in the unreasonable refusal case. The second proceeding was a trial subsequent to the first. The trial court conducted an independent proceeding, and the outcome of the one was of no consequence in the other. See id. It complied with the mandate of the statute, and the trial court committed no error proceeding as it did.

The statute does not require that a different judge hear the unreasonable refusal charge, nor does it suggest that knowledge of that charge mandates recusal. "'[W]hether a trial judge should recuse himself or herself is measured by whether he or she harbors "such bias or prejudice as would deny the defendant a fair trial," and is a matter left to the reasonable discretion of the trial court.'" Broady v. Commonwealth, 16 Va. App. 281, 287, 429 S.E.2d 468, 472 (1993) (quoting Welsh v.

Commonwealth, 14 Va. App. 300, 315, 416 S.E.2d 451, 459-60 (1992)).  See Davis v. Commonwealth, 21 Va. App. 587, 590-91, 466 S.E.2d 741, 742-43 (1996) (trial judge's discretion to determine whether "impartiality might reasonably be questioned") (citing Canon 3(C) of the Canons of Judicial Conduct).

The fact that the trial judge was aware of the pending refusal charge against the defendant before trying the driving under the influence charge is not sufficient justification for recusal.  The defendant offered no other reason to support his motion for recusal.  As a practical matter, a trial judge is aware of his docket and routinely disregards matters that would be prejudicial if considered when deciding the case.  For example, a trial judge must disregard evidence ruled inadmissible, though in making the ruling, the judge will have learned the essence of the inadmissible evidence.  Knowledge of a pending unreasonable refusal charge does not prevent the judge from being impartial when trying the related driving under the influence charge.

Next, the defendant argues that the evidence was insufficient to support his conviction.  This argument is without merit.  The officer observed improper and erratic driving.  He stopped the defendant, smelled alcohol, and observed signs of its effect on the defendant.  After the defendant exited his vehicle, the officer still smelled alcohol, and its effect was more obvious as the defendant had to lean on

the car for balance.  The defendant refused to perform sobriety tests, resisted the officer, and required physical restraint.  His disruptive behavior continued at the magistrate's office.

The defendant asserts that bizarre behavior alone is an insufficient basis upon which to base a conviction.  He contends the evidence could lead one to believe that the defendant was tired, had wobbly knees because of a medical condition, and was hard of hearing.  While the defendant may urge that as the reasonable interpretation of the facts, the trial court did not have to agree.  In finding the defendant guilty, the trial court rejected the defendant's theory of the facts and adopted the opposite one.

The trial court inferred from the evidence that the defendant was under the influence.  That is an inference reasonably deduced from the evidence, see Archer, 26 Va. App. at 11, 492 S.E.2d at 831, and it will not be disturbed unless it is plainly wrong or without evidence to support it.  See Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998).  The evidence was sufficient to support a finding that the defendant had drunk enough alcoholic beverage to so affect his manner, disposition, speech, muscular movement, general appearance or behavior as to be apparent to observation.  See Clemmer v. Commonwealth, 208 Va. 661, 663, 159 S.E.2d 664, 665-66 (1968).  Thus, the evidence was sufficient to support a conviction of driving under the influence.

Finally, the defendant contends that the trial court erred in allowing the Commonwealth to make a closing argument after it waived closing. It is clear that the Commonwealth did not waive rebuttal when it did not make an initial closing argument.[2] Nonetheless, the defendant argues that the Commonwealth's argument was not in rebuttal because it mentioned "many things" during its argument that were not addressed by the defendant in his closing. We disagree.

We agree that "no new material should be injected" into a rebuttal argument. See Griffin v. Commonwealth, 22 Va. App. 622, 624, 472 S.E.2d 285, 287 (1996) (citation omitted). If the Commonwealth waives opening, it is limited to rebutting the arguments raised by the defense during its closing. The defendant concedes that his closing argument attacked the sufficiency of the evidence. An argument that the evidence is insufficient may invite a broader response than would be appropriate to a more narrowly drawn defense. In certain cases, to refute a sufficiency argument a review of the entire panoply of evidence and inferences might be appropriate. The trial court has broad discretion in supervising closing arguments. See Jordan v. Taylor, 209 Va. 43, 51, 161 S.E.2d 790, 795 (1968). The trial court did not abuse its discretion in

---

[2] At the conclusion of the evidence, the Commonwealth said, "Judge, I waive opening." The court asked, "Rebuttal?" The Commonwealth replied, "No."

permitting the Commonwealth to make the argument it made in this case.

For the reasons stated, we affirm the conviction of driving under the influence (second offense).

<u>Affirmed.</u>