COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Annunziata and Bumgardner
Argued at Salem, Virginia


JOHNNY EDWARD HARTER

                                            OPINION BY
v.    Record No. 0032-99-3      JUDGE RUDOLPH BUMGARDNER, III
                                          MARCH 14, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF WAYNESBORO
                   Humes J. Franklin, Jr., Judge

          Robert A. Kantas (J. Gregory Webb; Michie,
          Hamlett, Lowry, Rasmussen & Tweel, P.C., on
          briefs), for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     A jury convicted Johnny Edward Harter of breaking and

entering and grand larceny. He contends the trial court erred

(1) in admitting evidence of other crimes, (2) in finding the

evidence sufficient to convict, (3) in denying two motions for a

new trial, (4) in not ruling on a motion to suspend the

sentencing order, and (5) in refusing to sign his written

statement of facts. Finding no error, we affirm the defendant's

convictions.

     The finance trailer of the District Home[1] was broken into

between 1:30 p.m. Saturday, January 24, 1998 and 8:30 a.m.

_____

          [1] The District Home is a nursing home for the elderly
formerly operated by the City of Waynesboro. See Code
§§ 63.1-183 to -194.

Monday, January 26, 1998.  The police found no signs of forced entry but $360 in cash and $15,000 in checks had been taken. The defendant was staying with Lois Jones, who worked in the finance office of the District Home.  At 5:00 a.m. on the Monday the break-in was discovered, the defendant told Jones that he was going to the store and took her car.  He took the car keys but also took her office keys which were in a different pocket of her coat separate from her car keys.  Jones's car was observed parked near the finance office at 6:00 a.m. while she was still at home asleep.

When Jones arrived at work about 8:30 a.m., she learned of the break-in and that her car had been seen near the Home. Jones returned home and confronted the defendant.  He became irate with her but denied any involvement in the crime.  When Jones persisted in an explanation, the defendant threw her on the bed and put his hands around her throat.  She asked the defendant how he thought it looked for her car to have been seen at her office when it had been broken into, and he responded that they will "think that you and I did it."  Jones left to go back to work, heard a gunshot, turned, and saw the defendant pointing a gun at her.  He told her not to go, but she did.

The defendant argues that the trial court erred in admitting evidence that he physically assaulted Jones when she confronted him.  He argues that it was evidence of other crimes, irrelevant, and highly prejudicial.  Evidence that the defendant

may have committed crimes other than the one charged is generally inadmissible.  See Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).  However, "acts or conduct of the defendant after the crime, which are not elements of the crimes charged, are admissible because they may tend to show a 'consciousness of guilt.'  In such cases, the defendant has no right to sanitize the evidence."  Hope v. Commonwealth, 10 Va. App. 381, 386, 392 S.E.2d 830, 834 (1990) (en banc) (citations omitted) (evidence of flight can be considered as evidence of guilt).  "The fact-finder is entitled to all of the relevant and connected facts," including those which occurred before or after the crime charged, "even though they may show the defendant guilty of other offenses."  Scott v. Commonwealth, 228 Va. 519, 526-27, 323 S.E.2d 572, 577 (1984) (citations omitted).

In Hope, the defendant fell while fleeing from the police. They found a loaded gun near the spot where he fell.  The defendant possessed recently stolen property, but no evidence indicated that the burglary was accomplished by force.  However, the evidence which proved that he possessed a gun was admissible because the defendant's conduct "is an important factor in the estimate of the weight of circumstances which point to his guilt."  Hope, 10 Va. App. at 385-86, 392 S.E.2d at 833 (citations omitted).  The "'combined force of many concurrent and related circumstances, each insufficient in itself, may lead

a reasonable mind irresistibly to a conclusion.'"  Id. at 386, 392 S.E.2d at 833 (quoting Peoples v. Commonwealth, 147 Va. 692, 704, 137 S.E. 603, 606 (1927)).

The trial court did not err in admitting evidence of the defendant's reaction when Jones accused him of having committed the burglary.  The incidental prejudicial impact arising from his assault on his accuser is outweighed by the probative value showing the defendant's knowledge of the crime and complicity in it.  The evidence was relevant and permitted a finding that the defendant was conscious of guilt.

The defendant also challenges the sufficiency of the evidence on appeal.  Accordingly, we view the evidence in the light most favorable to the Commonwealth and grant to it all reasonable inferences fairly deducible therefrom.  See Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997).

The defendant told Jones at 5:00 a.m. on Monday, January 26, 1998, that he was going to the store.  He took her car and office keys, which were in different pockets of her coat. Jones's car was observed near her office at 6:00 a.m. while she was home asleep.  The office was broken into, but there was no sign of forced entry.  When Jones confronted the defendant, he overreacted and became violent.  Jones found some of the stolen property in her trash around 2:00 a.m. Tuesday morning.  The defendant had been alone in her house after the incident from 7:00 a.m. to 5:30 p.m., and no one else had been in her home

that day.  The defendant was present in Jones's house and able to hide property in her trash.

Though the defendant and his wife testified that they had gone together to Alan Brown's trailer the morning of the break-in, Brown denied being with them that morning.  The fact finder was not required to accept the defendant's alibi evidence or his contention that he was being set up by Jones and Mark Louk, the person who saw Jones's car near the Home the morning the break-in was discovered.  When drawing reasonable inferences from the facts, the fact finder "was entitled to weigh the defendant's contradictory statements," Toler v. Commonwealth, 188 Va. 774, 781, 51 S.E.2d 210, 213 (1949), and to infer that he was attempting to conceal his guilt.  See Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981).  We find credible and sufficient evidence to support the defendant's convictions.

The defendant filed two separate motions for a new trial. The first claimed that items taken from the District Home were found in Mark Louk's carport after the trial.  The defendant asserted that these items incriminated Louk and supported his claim that Louk had lied when he testified against the defendant.  The trial court denied his motion for a new trial finding that the defendant had not exercised due diligence in discovering the evidence.

A new trial based on after-discovered evidence may be granted under the limited circumstances where the defendant shows that the evidence (1) was discovered after trial, (2) could not have been secured for trial with the exercise of due diligence, (3) is not merely cumulative, corroborative or collateral, and (4) is material, and such is likely to produce a different result at another trial. See Odum v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983).

Two days before trial, the defense counsel received an anonymous tip that evidence from the break-in would be found in Louk's carport. The defendant's counsel called the Commonwealth's attorney for help, but the Commonwealth advised him that the tip did not present sufficient probable cause to obtain a search warrant. The police did contact Louk, and he consented to a search of his house. They found nothing. Less than a week after the trial, Louk informed the police that he discovered a small package in his carport containing a vending machine key from the District Home and silver coins similar to those taken from the Home. Also, the bag contained what appeared to be drugs and a hand-written note incriminating Louk.

Defense counsel did not inform the trial court about the tip, nor of his request that the Commonwealth conduct a search. At trial he did not request a continuance to investigate further and did not question Louk about his suspicions during his cross-examination. The trial court noted that the evidence was

placed in Louk's carport sometime between trial and its discovery.

We find no error in denying the first motion for a new trial. The defendant did not bring the information to the attention of the trial court when it first developed and did nothing to investigate it except to ask the Commonwealth for assistance. The evidence did not refute the evidence of the guilt produced at trial. While the defendant claims it points to Louk as the burglar, that conclusion is tenuous because Louk himself discovered the packet. If Louk were the guilty party, he would not have turned over to the police evidence that incriminated him of the break-in as well as of drug offenses. The granting of a new trial based on after-discovered evidence is within the sound discretion of the trial court. See Yeager v. Commonwealth, 16 Va. App. 761, 767, 433 S.E.2d 248, 251 (1993). The motion must be supported with "facts showing the lack of knowledge of such evidence, the efforts made to obtain it, and why those efforts failed." Mundy v. Commonwealth, 11 Va. App. 461, 483, 390 S.E.2d 525, 537 (1990) (en banc) (citations omitted), cert. denied, 502 U.S. 840 (1991).

The defendant founded his second motion for a new trial on a third-party confession. He presented the affidavit of Charles Argenbright that claimed Chad Miller and he committed the crimes. However, the affidavit varied from a letter Argenbright

wrote a few days earlier.  The trial court found that the two versions were inconsistent about Argenbright's involvement, that no evidence corroborated his involvement in the crimes for which the defendant was convicted, and that the physical evidence of the entry contradicted his story.  The court noted that the new evidence did not contradict or repudiate the evidence of the defendant's guilt and the second theory could not be reconciled with the defendant's first theory that Louk committed the break-in.

The defendant relies on Hines v. Commonwealth, 136 Va. 728, 117 S.E. 843 (1923), in which the Court granted a new trial based upon a third-party confession.  In Hines, however, the confession was made to numerous people, was always consistent, and was supported by other corroborative evidence of its validity.  Hines is distinguishable from the case before us. The defendant did not meet his burden of proving that the third-party confession would likely produce a different result. The trial court did not abuse its discretion in refusing to grant the second motion for a new trial.

The defendant also filed a motion to suspend execution of the sentence.  The trial court did not grant the motion but advised that it would continue the motion under advisement.  The trial court did not rule further and did not stay its order, thereby intentionally permitting its jurisdiction to expire under Rule 1:1.  The defendant characterizes the trial court's

failure to act as an abuse of discretion.  He also objects that it failed to sign his written statement of facts and argues that the record is incomplete.

The trial court did not err in its handling of the various post-trial motions.  It did not grant the motions, but it kept the matters under advisement for the remaining time it retained jurisdiction.  That action would have permitted the trial court to rule in the defendant's favor until the very last moment.  The action was beneficial to the defendant rather than harmful.  In addition, the record does not reflect that the defendant objected to the trial court's action.  Accordingly, Rule 5A:18 bars our consideration of this issue on appeal.  See Buck v. Jordan, 256 Va. 535, 545, 508 S.E.2d 880, 885-86 (1998) (without an objection, a party does not preserve for appeal the court's refusal to rule on a motion).

The trial court is not obligated under Rule 5A:8 to sign the defendant's written statement of facts where the record is complete on its own.  The trial court noted that the record was complete and explained on the record what transpired on January 8, 1999 when the defendant met in the chambers with the Commonwealth's attorney and the judge.  We find no abuse of discretion in the trial court's refusal to sign the defendant's written statement of facts in lieu of transcript when the record is complete without it.

For the foregoing reasons, we affirm the convictions.

Affirmed.
