COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Bumgardner
Argued at Salem, Virginia


BARRY WAYNE WICKER
                                    MEMORANDUM OPINION* BY
v.   Record No. 0293-01-3        JUDGE RUDOLPH BUMGARDNER, III
                                       DECEMBER 18, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                    George E. Honts, III, Judge

         James V. Doss, III, for appellant.

         John H. McLees, Jr., Senior Assistant
         Attorney General (Randolph A. Beales,
         Attorney General, on brief), for appellee.


     The trial court convicted Barry Wayne Wicker of reckless

driving in violation of Code § 46.2-862.[1]  On appeal, he contends

the trial court abused its discretion in sentencing him.  For

the following reasons, we affirm.

     The defendant received a summons for driving a

tractor-trailer 91 miles per hour.  The defendant signed the

summons promising to appear for trial, but he did not.  By

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Code "§ 46.2-862.  Exceeding speed limit. — A person shall
be guilty of reckless driving who drives a motor vehicle on the
highways in the Commonwealth . . . in excess of eighty miles per
hour regardless of the applicable maximum speed limit."

counsel, the defendant entered a plea of not guilty and waived a jury. The Commonwealth waived imposition of a jail sentence so the trial could proceed in the defendant's absence, but it argued for a substantial fine and license suspension. The trial court found the defendant guilty, imposed a $1,000 fine, and suspended his license for nine months.[2]

On appeal, the defendant contends the trial court erred by imposing a punitive fine and an excessive license suspension because it could not impose a jail sentence. He also maintains the suspension improperly amounted to a forfeiture of his Pennsylvania commercial driver's license. The statement of facts fails to show that the defendant preserved these issues for appeal. It contains no record of the arguments presented at trial nor the objections made to the sentence imposed. "We cannot assume that appellant's objection and reasons were proffered but not made a part of the record." Lee v. Lee, 12 Va. App. 512, 516, 404 S.E.2d 736, 738 (1991). We do not consider an objection not stated at trial. Rule 5A:18.

---

[2] The Commonwealth concedes the defendant's license could not be suspended for more than six months, Code § 46.2-393, and asks us to vacate the excess portion of the suspension. Wheeling v. City of Roanoke, 2 Va. App. 42, 43 n.1, 341 S.E.2d 389, 389 n.1 (1986).

-

We affirm the trial court but remand for it to vacate that portion of the license suspension in excess of the statutory maximum.

Affirmed and remanded in part.