COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Kelsey
Argued at Alexandria, Virginia


JAMES J. RORECH

                                   MEMORANDUM OPINION* BY
v.    Record No. 1085-02-4         JUDGE D. ARTHUR KELSEY
                                        JULY 8, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
               Barnard F. Jennings, Judge Designate

           Corinne J. Magee (Michael Rieger; The Magee
           Law Firm, on brief), for appellant.

           H. Elizabeth Shaffer, Assistant Attorney
           General (Jerry W. Kilgore, Attorney General,
           on brief), for appellee.


     James J. Rorech challenges the sufficiency of the evidence

supporting his conviction for driving under the influence in

violation of Code § 18.2-266(ii).  We find the evidence

sufficient and affirm Rorech's conviction.

                              I.

     On appeal, we review the evidence "in the light most

favorable to the Commonwealth."  Kingsbur v. Commonwealth, 40

Va. App. 307, 308, 579 S.E.2d 357, 358 (2003).  That principle

requires us to "discard the evidence of the accused in conflict

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom." Dugger v. Commonwealth, 40 Va. App. 586, 589, 580 S.E.2d 477, 479 (2003) (quoting Holsapple v. Commonwealth, 39 Va. App. 522, 528, 574 S.E.2d 756, 758-59 (2003) (en banc) (citation omitted)).

While driving in Fairfax in the early evening of June 30, 2001, Matthew Nichols "had to swerve to avoid" a collision with a car driven by Rorech. Nichols observed Rorech driving erratically, continually "swerving" and "stopping." Nichols "called 911" to report that the car was "driving erratically." When Nichols stopped at a traffic light, he noted the license plate number on Rorech's vehicle and phoned it into the police.

When the light at the intersection turned green, Nichols turned left. Rorech, however, waited "at least ten seconds to make that left . . . even though he did have a green light." Nichols pulled over to the side of the road, and Rorech drove past him at a high rate of speed. About 300 yards later, Nichols observed a "cloud of dust" as Rorech was "fishtailing" and "wiping out." Nichols saw Rorech's vehicle proceed through a median and over a guardrail.

Nichols stopped and offered assistance. Rorech seemed "out of it" when Nichols arrived. Each front "air bag had deployed," but Rorech told Nichols "that he was okay to drive." After Rorech tried to restart the car, Nichols took the keys out of

the ignition and advised Rorech:  "[N]o, you are not driving anywhere."  Seconds later, however, Rorech restarted his car, backed it back onto the road, and drove away even though the tire had come off the front left wheel, both air bags had deployed, and the front end of the vehicle had been severely damaged.

An EMT truck arrived on the scene and pulled alongside Rorech's moving vehicle.  A second EMT truck pulled up on the other side of Rorech "telling him to pull over" through a loud speaker.  With EMT trucks on both sides of his moving vehicle, Rorech "made a U-turn" and pulled into a nearby parking lot.

Edward DeCarlo, a paramedic, approached Rorech.  Rorech appeared disoriented and could not identify the day of the week. When questioned by Decarlo, Rorech refused to acknowledge that he had just been in an accident.  Rorech asked DeCarlo "to call him a taxi" or "bring him home in the ambulance."  Rorech initially refused to be taken to a hospital, but later agreed upon DeCarlo's insistence.  When DeCarlo helped Rorech stand up out of the car, DeCarlo observed a "half empty bottle of vodka underneath the driver's seat."  Rorech also noticed it and asked DeCarlo "to throw that away."

At the hospital, police officer Sam Song questioned Rorech about the accident.  Song smelled an "odor of alcohol" coming from Rorech.  Rorech appeared to the officer to be "in a daze." When confronted by the officer, Rorech admitted that he "just

-

lost control" and that he had "two shots of vodka in the afternoon."

After hearing this evidence, the trial court found Rorech guilty of driving under the influence. "I don't think there is any question about the defendant's guilt," the trial judge explained. "I think the evidence is absolutely overwhelming." Rorech received a fully suspended 180-day sentence, a $500 fine, and a twelve-month revocation of his license to operate a motor vehicle.[1]

## II.

When faced with a challenge to the sufficiency of the evidence, we "presume the judgment of the trial court to be correct," Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002), and reverse only if the trial court's decision is "plainly wrong or without evidence" to support it. Wright v. Commonwealth, 39 Va. App. 698, 703, 576 S.E.2d 242, 244 (2003) (citations omitted); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc).

When a jury decides the case, Code § 8.01-680 requires that "we review the jury's decision to see if reasonable jurors could have made the choices that the jury did make. We let the

---

[1] Though Rorech submitted to a blood test to determine his alcohol level, the trial court suppressed the certificate of analysis because of "problems" in the administration of the test.

-

decision stand unless we conclude no rational juror could have reached that decision." Pease v. Commonwealth, 39 Va. App. 342, 355, 573 S.E.2d 272, 278 (2002) (en banc). The same standard applies when a trial judge sits as the factfinder because the "judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict." Cairns v. Commonwealth, 40 Va. App. 271, 293, 579 S.E.2d 340, 351 (2003) (citation omitted); see also Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 907 (2001).[2]

In other words, a reviewing court does not "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979) (emphasis in original and citation omitted). Instead, the relevant question is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). This deference applies not only to the historical facts themselves, but the inferences from those facts as well. "The inferences to be drawn from proven facts, so long as they are reasonable, are

_____

[2] Unless the factfinder acted unreasonably, we consider it our duty not to "substitute our judgment for that of the trier of fact, even were our opinion to differ." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002) (citation omitted); see also Mohajer v. Commonwealth, 40 Va. App. 312, 321, 579 S.E.2d 359, 364 (2003) (en banc) ("On review of a claim asserting the sufficiency of the evidence, this Court does not substitute its judgment for that of the trier of fact."); Pease, 39 Va. App. at 355, 573 S.E.2d at 278 (internal quotations and citation omitted).

-

within the province of the trier of fact." Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991).

Governed by this standard of review, we find the evidence sufficient to support Rorech's conviction for driving a vehicle while "under the influence of alcohol." Code § 18.2-266(ii). Though breath or blood tests can provide evidence of intoxication, they "are not necessary or required to prove driving under the influence of alcohol or drugs." Oliver v. Commonwealth, 40 Va. App. 20, 24, 577 S.E.2d 514, 516 (2003). The observable characteristics of the defendant's "manner, disposition, speech, muscular movement, general appearance or behavior" may alone provide sufficient proof of intoxication. Farren v. Commonwealth, 30 Va. App. 234, 240, 516 S.E.2d 253, 256 (1999); see also Oliver, 40 Va. App. at 24, 577 S.E.2d at 516 (quoting Brooks v. City of Newport News, 224 Va. 311, 315-16, 295 S.E.2d 801, 804 (1982)).

In this case, after smelling alcohol on Rorech, Officer Song directly confronted him about it. Rorech admitted to drinking vodka earlier that afternoon. Given the half-empty bottle of vodka under Rorech's seat, coupled with his effort to get rid of it before the police arrived, the trial court no doubt rejected Rorech's estimate of drinking only "two shots" of vodka as an obvious prevarication. A factfinder may discount an accused's self-serving explanation as a mere effort at "lying to conceal his guilt." Dugger, 40 Va. App. at 594 n.2, 580 S.E.2d

-

at 481 n.2 (quoting Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 907 (2001)); see also Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981). To be sure, a defendant's "false statements are probative to show he is trying to conceal his guilt, and thus is evidence of his guilt." Emmett v. Commonwealth, 264 Va. 364, 372, 569 S.E.2d 39, 45 (2002) (quoting in parenthetical from Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991)).

In addition, the evidence proved that Rorech's consumption of alcohol influenced his driving. Rorech's erratic and dangerous driving put himself, Nichols, and the occupants of two EMT trucks in considerable danger. Rorech's reckless effort to drive away from the scene of the first accident, with one wheel on its rim and both airbags deployed, reveals an attempt to flee the scene —— itself an incriminating fact. See Lovitt v. Commonwealth, 260 Va. 497, 512, 537 S.E.2d 866, 876 (2000) ("Flight by a defendant after the commission of a crime is probative evidence of guilt of that crime.").[3] Rorech's disoriented and incoherent condition, observed by Nichols, the

_____

[3] See also Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996); Marsh v. Commonwealth, 32 Va. App. 669, 683, 530 S.E.2d 425, 432 (2000); Harter v. Commonwealth, 31 Va. App. 743, 748, 525 S.E.2d 606, 608 (2000); Burke v. Commonwealth, 30 Va. App. 89, 93, 515 S.E.2d 777, 780 (1999); Langhorne v. Commonwealth, 13 Va. App. 97, 102, 409 S.E.2d 476, 479-81 (1991); Hope v. Commonwealth, 10 Va. App. 381, 386, 392 S.E.2d 830, 833-34 (1990) (en banc).

-

paramedic, and Officer Song, also shows the extent to which the vodka had affected his mental and physical abilities. See Lemond v. Commonwealth, 19 Va. App. 687, 694, 454 S.E.2d 31, 35-36 (1995) ("A defendant's admission that he consumed several alcoholic beverages, together with the testimony of the arresting officer regarding the defendant's appearance and lack of coordination, is sufficient to support a conviction for driving under the influence of alcohol.").[4]

In aggregate, therefore, the evidence supports a "finding that the defendant had drunk enough alcoholic beverage to so affect his manner, disposition, speech, muscular movement, general appearance or behavior as to be apparent to observation." Farren, 30 Va. App. at 240, 516 S.E.2d at 256 (citation omitted). "Thus, the evidence was sufficient to support a conviction of driving under the influence." Id. at 240, 516 S.E.2d at 256-57.

Despite the incriminating evidence against him, Rorech contends a reasonable hypothesis of innocence nonetheless exists because "his behavior was just as consistent with one who was ill, perhaps having a seizure." We disagree.

---

[4] For the reasons we discussed in Wheeling v. City of Roanoke, 2 Va. App. 42, 341 S.E.2d 389 (1986), we find unpersuasive Rorech's reliance on Fowlkes v. Commonwealth, 194 Va. 676, 74 S.E.2d 683 (1953). In Fowlkes, "[t]here was no evidence as to when the accident occurred, or whether Fowlkes had consumed the beer before or after the accident." Wheeling, 2 Va. App. at 45, 341 S.E.2d at 390.

Whether an alternative hypothesis of innocence is reasonable is a "question of fact." Pease, 39 Va. App. at 355, 573 S.E.2d at 278. A trial court's rejection of a hypothesis of innocence "is binding on appeal unless plainly wrong." Christian v. Commonwealth, 33 Va. App. 704, 715, 536 S.E.2d 477, 483 (2000) (en banc) (citation omitted); Stevens v. Commonwealth, 38 Va. App. 528, 535, 567 S.E.2d 537, 540 (2002) (citation omitted). We examine the reasonableness of the hypothesis not in an abstract sense, but at the level of specificity shown by the unique facts and circumstances of the case. See Commonwealth v. Hudson, 265 Va. 505, 517, 578 S.E.2d 781, 787 (2003). The question then becomes whether a "rational" factfinder, facing the evidence before it, could have reached the decision that it did. Pease, 39 Va. App. at 355, 573 S.E.2d at 278; see also Hudson, 265 Va. at 513, 578 S.E.2d at 785 (observing that the issue is whether a "reasonable" factfinder could have rejected the hypothesis of innocence).

Under the specific facts of this case, the trial court did not err in rejecting as unreasonable Rorech's proffered hypothesis of innocence. Rorech's admitted consumption of vodka that afternoon, the half-empty bottle of vodka under the driver's seat of his wrecked car, his effort to get rid of the bottle before the police discovered it, his attempted flight from the scene of the accident, the smell of alcohol about him, and the absence of any evidence of a disabling medical

-

condition, all combine to demonstrate the rationality of the trial court's decision.

## III.

Finding sufficient evidence to support Rorech's conviction for driving under the influence in violation of Code § 18.2-266(ii), we affirm.

<u>Affirmed</u>.

-