**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-5100**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHAWN ADARIUS SCOTT,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (CR-05-198-RLW)

———————————

Submitted: May 15, 2006             Decided: July 6, 2006

———————————

Before MOTZ, KING, and GREGORY, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Frank W. Dunham, Jr., Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Sara E. Flannery, Assistant United States Attorney, David M. Uberman, Third-Year Law Student, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a bench trial, Shawn Adarius Scott was convicted of operating a motor vehicle on a military reservation while impaired by an intoxicant, operating a motor vehicle on a Virginia highway after having been determined an habitual offender, and operating a motor vehicle as an habitual offender while impaired by an intoxicant. 18 U.S.C. § 13 (2000), assimilating Va. Code Ann. §§ 18.2-266, 18.2-270, 46.2-357(B)(2), (3) (Michie 2004). Additionally, Scott was convicted of willfully injuring or committing depredation against United States property of a value less than $1000, in violation of 18 U.S.C. § 1361 (2000).[1] The district court sentenced Scott to a total of thirty-six months' imprisonment. While Scott does not appeal his sentence, he does challenge his convictions in this direct appeal.

Evidence adduced at trial established that a vehicle driven by Scott struck a barricade near the main gate of Fort Lee,[2] Virginia. The collision caused the barricade to flip over and it was cracked and chipped. Several Fort Lee police officers who responded to the scene observed that Scott smelled of alcohol and

[1]Scott was also convicted of refusing to comply with a breathalyzer test after having been advised of the consequences of refusal, in violation of 18 U.S.C. § 3118 (2000). However, he does not appeal this conviction.

[2]The district court took judicial notice that Fort Lee is "property administered by the Department of Defense within the special territorial jurisdiction of the United States" and the Eastern District of Virginia.

- 2 -

spoke with slurred speech.  He passed two field sobriety tests--one with difficulty--and failed a third.

First, Scott contends that he was not driving on a Virginia highway.  According to the applicable statute, a "highway" is:

> the entire width between the boundary lines of every way or place open to the use of the public for purposes of vehicular travel in the Commonwealth, including the streets and alleys, and, for law-enforcement purposes, the entire width between the boundary lines of all private roads or private streets that have been specifically designated "highways" by ordinance adopted by the governing body of the county, city, or town in which such private roads or streets are located.

Va. Code Ann. § 46.2-100 (Michie 2004).

Scott contends that the existence of signs, guard posts, and barricades at Fort Lee's entrances renders the roads within the base private roads, rather than highways, under Virginia law.  He cites two recent opinions issued by this court as authority.  See United States v. Adams, 426 F.3d 730, 732 (4th Cir. 2005) (holding road within federal wildlife reservation, which was completely closed for indefinite period of time owing to hurricane damage, was not "highway" under Virginia law); United States v. Smith, 395 F.3d 516, 520 (4th Cir. 2005) (holding signs at CIA entrance barring general public entry meant entrance road was not open to public use).  Fort Lee's roads were neither completely closed nor barred to general public entry; thus, the cases cited by Scott are distinguishable.

- 3 -

The "'true test' of whether a 'way' is a highway is 'whether the way or place of whatever nature is open to the use of the public for purposes of vehicular travel.'" Caplan v. Bogard, 264 Va. 219, 563 S.E.2d 719, 723 (2002) (quoting Prillaman v. Commonwealth, 100 S.E.2d 4, 8 (Va. 1957)) (internal quotation marks omitted); see also Furman v. Call, 362 S.E.2d 709, 710 (Va. 1987) ("[T]he test for determining whether a way is a 'highway' depends upon the degree to which the way is open to public use for vehicular traffic."). Here, members of the public are free to drive on Fort Lee's roads, provided they meet the conditions posted on the roadway signs prior to entry. Motorists possessing a Department of Defense vehicle decal are admitted at all four entrance gates. Anyone not affiliated with Fort Lee and not possessing an admittance decal is required to use the Lee Avenue gate; however, a visitor's pass may be obtained by presenting a driver's license, vehicle registration, and proof of insurance. Once a visiting motorist receives a pass, he or she is subject to a vehicle inspection, but may drive freely on the roads within Fort Lee's property.

The facts of the instant case are similar to those in Coleman v. Commonwealth, 433 S.E.2d 33 (Va. Ct. App. 1993). In Coleman, access to the federally-owned enclave was restricted, as vehicles not bearing registration decals were permitted to pass the front gate after the operators stated their business. 433 S.E.2d

at 34. The Court of Appeals of Virginia, finding the enclave's "minimal restriction in no way constitute[d] an appropriation of the property to private use," held "[t]he road on which Coleman drove was open to the use of the public for purposes of vehicular travel" and, thus, was a highway under Virginia law. Id. at 34-35. Similarly, we agree with the district court's finding that the road within the Fort Lee base was a highway.

Scott also challenges the sufficiency of the evidence supporting his convictions, specifically, whether he was intoxicated and willfully injured United States property. A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficiency of evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). In reviewing a sufficiency challenge, "[t]he verdict . . . must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency

of the evidence, this court does not "weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). When the evidence supports differing reasonable interpretations, the finder of fact decides which interpretation to believe. Id.

With these principles in mind, we conclude that substantial evidence supported the district court's findings that Scott was intoxicated and willfully injured United States property. As to the former, it is clear Scott's alcohol consumption "so affect[ed] his manner, disposition, speech, muscular movement, general appearance or behavior as to be apparent to observation." Farren v. Commonwealth, 516 S.E.2d 253, 256 (Va. Ct. App. 1999); see Va. Code Ann. § 4.1-100 (Michie 2004) (defining "intoxicated"). As to the latter, the Government demonstrated that Scott--who operated a vehicle while impaired by alcohol consumption, causing a collision and damaging a government-owned roadway barricade-- "act[ed] intentionally and purposely and with the intent to do something the law forbids." United States v. Bryan, 524 U.S. 184, 189 (1998) (discussing "willfulness").

Accordingly, we affirm Scott's convictions and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED