*22 BUMGARDNER, Judge.
Herbert Eugene Oliver appeals his conviction after a bench trial for driving under the influence of alcohol, in violation of Code § 18.2-266. We affirm the judgment of the trial court.
Officer Brian Layton responded to a hit-and-run complaint and found the defendant in the driver’s seat. He was “passed out,” and the engine was still running. The officer observed two empty Jack Daniels bottles, and the defendant admitted to drinking that brand before falling asleep again.
The officer took the defendant to a police car and began to advise him of the implied consent law, but the defendant fell asleep about half-way through the advice. The officer completed the advisement and then arrested the defendant for driving under the influence. The officer drove directly to the magistrate’s office, but the defendant would not awake after they arrived and never regained consciousness. The officer left him in the police car, obtained an arrest warrant, and took the defendant to jail. The magistrate never advised the defendant of the implied consent law, and no blood or breath sample was obtained. The breathalyzer test was available.
The defendant argues the officer was required to make him take a blood test since he was unconscious and incapable of taking a breath test.[1] The defendant cites Breeden v. Commonwealth, 15 Va.App. 148, 421 S.E.2d 674 (1992), as authority that he cannot be prosecuted because the officer was required to take him to a hospital and compel a blood test.
Breeden held, “[ojnce the Commonwealth has elected to have a driver take a blood or breath test pursuant to Code § 18.2-268, the driver has a right to receive the benefits of the test.” Id. at 150, 421 S.E.2d at 675. At that time, the statute permitted the defendant to elect either a breath or blood test. As noted: “[w]hen the legislature enacted Code § 18.2-268(c), *23 it granted to the accused ... the option to take a blood or breath test. That election ... is one the Court must honor.” Id. at 150, 421 S.E.2d at 676. The General Assembly amended the statute in 1995 and it no longer permits an election. The arresting officer provides a blood test only when a defendant is physically unable to perform a breath test. Breeden is inapplicable because the essential feature of the statute it interpreted has changed.
At the time of the defendant’s arrest, the implied consent statute provided:
A. Any person ... who operates a motor vehicle ... shall be deemed ... to have consented to have samples of his blood, breath, or both ... taken ... to determine the alcohol ... content of his blood____
B. Any person so arrested for a violation of § 18.2 — 266(i) ... shall submit to a breath test. If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given____
Code § 18.2-268.2.
The refusal statute provided:
If a person, after having been arrested ... and after having been advised by the arresting officer that (i) a person ... is deemed ... to have consented to have samples of his blood and breath taken ... and (iii) that the unreasonable refusal to do so constitutes grounds for the revocation of the privilege of operating a motor vehicle[,] ... refuses ... such tests, the arresting officer shall take the person before a committing magistrate. If he again so refuses after having been further advised by the magistrate ... then no blood or breath samples shall be taken....
Code § 18.2-268.3(A).
Goodman v. Commonwealth, 37 Va.App. 374, 558 S.E.2d 555 (2002), affirmed a conviction based on a blood sample obtained from an unconscious driver, who was receiving emergency treatment in a hospital. “[T]he implied consent law operates to permit the taking and testing of blood from that driver and that incoherence or unconsciousness does not constitute a *24 refusal, reasonable or unreasonable, because consent is continuing.” Id. at 383, 558 S.E.2d at 560. While the holding permits the taking, nothing suggests it mandates the taking.
Under the particular facts of this case, a blood test was not required. The record demonstrates that the defendant’s condition was of his own making. He does not contest the finding that he was intoxicated when arrested, and he has demonstrated no prejudice that he suffered because of the failure to take a blood test. The implied consent statute contains no language prohibiting prosecution.
Test results from a breath or blood test are not necessary or required to prove driving under the influence of alcohol or drugs. Code § 18.2-268.10 states, “the admission of the blood or breath test results shall not limit the introduction of any other relevant evidence ... and the court shall, regardless of the result of any blood or breath tests, consider other relevant admissible evidence of the condition of the accused.” “The result of a breath analysis is but auxiliary proof which may tend to corroborate evidence of the objective symptoms____” Brooks v. City of Newport News, 224 Va. 311, 315-16, 295 S.E.2d 801, 804 (1982).
We hold the implied consent statute does not require that an arresting officer compel submission to chemical testing as a prerequisite to prosecution. Under the facts of this case, failure to obtain a blood test from the unconscious defendant does not mandate dismissal of the charge. Accordingly, we affirm the conviction for driving under the influence.

Affirmed.

. The defendant also maintains the trial court erred in not dismissing the charge because the officer did not take him before a magistrate to receive advisement on the implied consent law as mandated by Code § 18.2-268.3. We do not address this argument because the defendant never raised it at trial. Rule 5A: 18.