COURT OF APPEALS OF VIRGINIA

Present:   Judges McClanahan, Petty and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


CHERYL BROWN-FITZGERALD
                                                        OPINION BY
v.      Record No. 2490-06-4              JUDGE ELIZABETH A. McCLANAHAN
                                                    FEBRUARY 5, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert W. Wooldridge, Jr., Judge

Scott A. Surovell (Surovell Markle Isaacs & Levy PLC, on briefs),
for appellant.

Benjamin H. Katz, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Cheryl Brown-Fitzgerald appeals her conviction of driving while under the influence of

alcohol. On appeal, she argues the trial court erred in refusing to dismiss her case contending

she was denied a breath test in violation of the implied consent statute. We affirm the trial court.

I. BACKGROUND

Officer Richard Mukherjee of the Fairfax County Police Department arrested

Brown-Fitzgerald for driving while intoxicated in violation of Code § 18.2-266. During her

transport to the detention center and after her arrival there, Brown-Fitzgerald experienced

breathing difficulties and informed Mukherjee she was asthmatic. Although she used an inhaler

twice, her breathing difficulties continued. Due to her problems with breathing, she was offered

and agreed to take a blood test.

At trial, Brown-Fitzgerald argued she was entitled to the breath test pursuant to Code § 18.2-268.2, the implied consent statute.[1] Brown-Fitzgerald sought dismissal contending Mukherjee failed to substantially comply with Code § 18.2-268.2(B) resulting in her denial of the benefit of exculpatory evidence. The trial court denied the motion to dismiss but excluded the blood test results finding that the Commonwealth failed to prove Brown-Fitzgerald was physically incapable of taking the breath test. The trial court found the remaining evidence sufficient to convict Brown-Fitzgerald of driving under the influence of alcohol.

## II. ANALYSIS

Brown-Fitzgerald contends on appeal she had a statutory right to mandate that the police officer give her a breath test under Code § 18.2-268.2(B), and the failure of the police to offer her the test denied her the benefit of potentially exculpatory evidence which should have resulted in a dismissal of her prosecution.[2] The determination of whether Brown-Fitzgerald had a statutory right to a breath test presents "a question of law . . . involv[ing] the interpretation and application" of the implied consent statute, and "we review the trial court's judgment [in this regard] *de novo*." Colbert v. Commonwealth, 47 Va. App. 390, 394, 624 S.E.2d 108, 110 (2006).

The implied consent statute has undergone many changes since it was first enacted. Originally, the statute provided that "[a]ny person . . . who operates a motor vehicle upon a public highway in this State . . . shall be deemed thereby to have agreed as a condition of such

---

[1] Code § 18.2-268.2(B) provides, in pertinent part, that any person arrested for a violation of Code § 18.2-266 "shall submit to a breath test. If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given."

[2] Brown-Fitzgerald does not contest the trial court's finding that sufficient evidence existed to support her conviction.

operation to consent to, *and shall be entitled to*, have a sample of his blood taken for a chemical test to determine the alcohol content thereof." Code § 18.1-55(b) (repealed) (emphasis added). See Walton v. City of Roanoke, 204 Va. 678, 133 S.E.2d 315 (1963). In Walton, the Supreme Court noted the provisions of Code § 18.1-55(b) "serve a salutary purpose" in providing a scientifically accurate method of determining the issue of intoxication and also "protect[ing] one who has the odor of alcohol on his breath but has not been drinking to excess." Id. at 683, 133 S.E.2d at 319.

The implied consent statute was subsequently amended to provide for a breath test, or in the alternative, a blood test. Notably, the language stating the arrestee "shall be entitled" to a blood test was deleted. Under a subsequent version, any person arrested for driving under the influence "shall elect to have either the blood or breath sample taken" and if either test was unavailable, "the available test shall be taken." Code § 18.2-268(B) (repealed). This Court interpreted the language in the amended statute to give the driver "a statutory right to choose one of the two tests." Breeden v. Commonwealth, 15 Va. App. 148, 150, 421 S.E.2d 674, 675 (1992).

Under the current version of the implied consent statute, any person who operates a motor vehicle upon a highway "shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test to determine the alcohol . . . content of his blood, if he is arrested for violation of Code § 18.2-266." Code § 18.2-268.2(A). "Any person so arrested . . . shall submit to a breath test. If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given." Code § 18.2-268.2(B).

Although the language of the statute mandates that the arrestee "shall submit" to a breath test, it does not impose any obligation upon the police officer to offer a breath test. In fact, we

- 3 -

have held "the implied consent statute does not require that an arresting officer compel submission to chemical testing." Oliver v. Commonwealth, 40 Va. App. 20, 24, 577 S.E.2d 514, 516 (2003). And because the statute no longer entitles an arrestee to chemical testing, the argument that the purpose of the statute is to benefit the arrestee has little force. The only obligation placed upon the police officer by the language at issue is to provide a blood test if the officer chooses to compel submission to chemical testing and the breath test is unavailable or the arrestee is physically unable to submit to the breath test. "When the language in a statute is clear and unambiguous, we are bound by the plain meaning of that language." Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001). And the plain language of the implied consent statute did not place an obligation on Officer Mukherjee to offer Brown-Fitzgerald a breath test.

Brown-Fitzgerald's reliance on Lamay v. Commonwealth, 29 Va. App. 461, 513 S.E.2d 411 (1999), is misplaced; when, in fact, Lamay does not require a breath test. It only requires that the officer provide a blood test once he chooses to compel chemical testing and the arrestee is physically unable to take the breath test or it is unavailable.[3] Brown-Fitzgerald was given and consented to a blood test and was entitled to seek an independent analysis of the blood, but chose not to do so. Although we have held the failure to offer a statutorily mandated test negates

---

[3] Brown-Fitzgerald also relies on Breeden, 15 Va. App. 148, 421 S.E.2d 674, involving the failure of an officer to offer an accused the election between a breath and blood test, to support her contention that the implied consent statute created a right to be offered the breath test. However, as discussed above, Breeden was decided when the accused had a substantive right under the predecessor version of the statute to elect between a breath or blood test. No such right exists under the current version of the statute making Breeden and its progeny inapplicable here. Cutright v. Commonwealth, 43 Va. App. 593, 599 n.7, 601 S.E.2d 1, 4 n.7 (2004); Oliver, 40 Va. App. at 23, 577 S.E.2d at 516.

consent, <u>Sullivan v. Commonwealth</u>, 17 Va. App. 376, 437 S.E.2d 242 (1993), the breath test is not a statutorily mandated test under the implied consent law. [4]

Brown-Fitzgerald argues, "that this Court should reverse and dismiss this case consistent with Virginia's existing framework requiring dismissal when a failure to substantially comply results in the wholesale denial of a statutorily mandated test." Ms. Brown-Fitzgerald was never denied a statutorily mandated test. Under the plain language of the implied consent statute, Code § 18.2-268.2, Officer Mukherjee was not obligated to offer her a breath test.

For the reasons stated above, the judgment of the trial court is affirmed.

Affirmed.

---

[4] Brown-Fitzgerald places great emphasis on a footnote in this Court's opinion in <u>Stevens v. Commonwealth</u>, 46 Va. App. 234, 243 n.5, 616 S.E.2d 754, 758 n.5 (2005), wherein we recognized the failure to substantially comply with the implied consent statute may bar a prosecution. We have applied that principle when the Commonwealth has failed to offer a statutorily mandated test or failed to provide required independent testing, neither of which is present here. <u>Lamay</u>, 29 Va. App. 461, 513 S.E.2d 411; <u>see also</u> <u>Cutright</u>, 43 Va. App. at 597, 601 S.E.2d at 4.