COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Judges Clements and Beales
Argued at Richmond, Virginia


BILLIE DENISE BROWN
                                            MEMORANDUM OPINION[*] BY
v.        Record No. 0305-07-2            JUDGE RANDOLPH A. BEALES
                                                  APRIL 8, 2008
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Catherine C. Hammond, Judge

W. Edward Riley, IV (Boone, Beale, Cosby & Long, on brief), for
appellant.

Karen Misbach, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


Billie Denise Brown (appellant) challenges the sufficiency of the evidence to sustain her

conviction for driving under the influence of alcohol (DUI), second offense within ten years, in

violation of Code § 18.2-266.  Appellant also asserts "the Commonwealth failed to provide to

[her] possible exculpatory evidence through a blood or breath test when it charged her with

refusal" to submit to a breath alcohol test.  For the reasons that follow, we affirm.

I. BACKGROUND

At approximately 10:00 p.m. on May 17, 2006, Officer Jeremiah Cooper of the Henrico

County Police Department stopped appellant, a fifty-five-year-old female, for speeding on

Parham Road.  According to Cooper, appellant was traveling sixty-three miles per hour in a

forty-five mile-per-hour zone.  Upon approaching appellant, Cooper noticed she had "a strong

odor of alcohol and red, watery eyes."  Cooper said that it took appellant about three minutes to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

find her driver's license, and, during that time, she repeatedly argued that he did not have a reason to stop her. Cooper asked appellant if she had consumed any alcohol, and appellant told him that she drank approximately one glass of wine between 7:00 p.m. and 9:00 p.m.

Cooper asked appellant to take a field sobriety test, to which she consented. First, Cooper had appellant perform a walk-and-turn test, which she chose to do barefoot. He recalled that appellant "was unable to keep her balance. She was using her arms for balance. She began the test too soon. She would not listen to my instructions. I had to explain to her the test three different times." Cooper described appellant's walk during the test as "staggered." Next, Cooper instructed appellant how to perform the one-legged stand. Cooper said, "She raised her right foot. She was swaying while balancing, using her arms to balance, and hopping around. She then began to count, as instructed, one 1,000, two 1,000, but then she sped up her count and began counting normally, as of one, two, three, four, five, six."

Cooper, thereafter, arrested appellant for driving under the influence of alcohol.[1] After transporting appellant to the Warrant Services Unit, Cooper read her the implied consent form. Appellant, at that point, said she wanted to speak to her lawyer before taking the breath test. According to Cooper, appellant reiterated that he did not have any reason to stop her, cursed him, and said "that she hoped [Cooper] enjoyed ruining peoples lives." Cooper then went before the magistrate and signed the implied consent form, which noted appellant's refusal to take a breath test.

Appellant testified that she had attended a birthday party at Maggiano's restaurant in western Henrico County on the evening in question. After having dinner and, by her own admission, one and one-quarter glasses of wine, she left the restaurant at approximately 9:30 p.m. She explained that in general she is a fast person in the way she gets things done and

_____

[1] Cooper also cited appellant for speeding.

supposed she rushed through the field sobriety tests so that she could go home and take care of an uncomfortable and embarrassing "female problem," as described in the record by appellant's trial counsel. Appellant said that she thought she should talk to her lawyer before taking the breath test since she had a prior DUI. She denied refusing to take the test.

Appellant produced three witnesses who testified that she did not have alcohol on her breath when she left the restaurant, that her ability to walk was not impaired, that her eyes were clear, and that her ability to talk was not impaired. One witness, Dr. Tompkins, said that appellant's movements are generally fast and described her as animated. Tompkins confirmed that appellant is usually a friendly, nice person. The Commonwealth stipulated that seven other witnesses would appear and testify that they dined with appellant at Maggiano's on the night in question, that there was no alcohol on appellant's breath as she left the restaurant at 9:30 to 9:35 p.m., that wine was served at approximately 7:00 p.m., that appellant had no problem talking or walking when she left the restaurant, and that she did not appear intoxicated.

Dr. Irma Adams, an expert in pharmacology and toxicology and former Breath Alcohol Section Chief for the Department of Forensic Science, testified that, based upon appellant's size and the seven to eight ounces she admitted drinking, appellant's BAC would have been between .01% and .04%. Adams opined that a person's ability to operate a vehicle is impaired when that person's BAC reaches ".05, .06."

The trial court found appellant not guilty of refusal to submit to the breath test. The trial court, however, found her guilty of speeding and driving under the influence, noting

> the objective facts, *without anybody's opinion of whether she was or was not intoxicated*, show that first of all, she was driving her car too fast. It's admitted that she was drinking. It's very hard to quantify what the amount was, but we do know that she was unable to do the Walk-and-Turn, she was unable to do the One-Leg Stand. That's why we have the tests.

> And I think that's enough right there, so I won't go into the other, the other evidence, which I think there is additional evidence to support a conviction.

(Emphasis added.) This appeal followed.

## II. ANALYSIS

### A. SUFFICIENCY OF THE EVIDENCE

When considering the sufficiency of the evidence on appeal, "a reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

Code § 18.2-266 reads, in relevant part,

> It shall be unlawful for any person to drive or operate any motor vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent or more by weight by volume or 0.08 grams or more per 210 liters of breath as indicated by a chemical test administered as provided in this article, (ii) while such person is under the influence of alcohol . . . .

In the case at bar, because the Commonwealth did not have a breath or blood test to submit into evidence, appellant was prosecuted under subsection (ii) of the statute. Code § 18.2-266(ii) prohibits driving "while such person is under the influence of alcohol." "That degree of

intoxication, or being 'under the influence of alcohol,' is established when any person has consumed enough alcoholic beverages to 'so affect his manner, disposition, speech, muscular movement, general appearance or behavior, as to be apparent to observation.'" Thurston v. Lynchburg, 15 Va. App. 475, 483, 424 S.E.2d 701, 705 (1992) (quoting Gardner v. Commonwealth, 195 Va. 945, 954, 81 S.E.2d 614, 619 (1954)).

Here, appellant admitted drinking alcohol between her arrival at Maggiano's at 7:00 p.m. and the time she left at 9:30 p.m. After stopping appellant for speeding eighteen miles over the posted speed limit, Officer Cooper observed that appellant had watery eyes and smelled of alcohol. Appellant failed to perform either of her field sobriety tests correctly. Specifically, Cooper stated that appellant staggered while performing the walk-and-turn test and swayed while holding her arms out to balance herself while performing the one-legged stand test. In addition, appellant, whom her friend, Dr. Tompkins, confirmed was usually friendly and nice, was persistently confrontational throughout her encounter with Officer Cooper.

Although the Commonwealth stipulated that several of appellant's dining companions would testify that she did not appear intoxicated when she left the restaurant, the trial court clearly placed more weight upon "the objective facts" in the record, which consisted primarily of Officer Cooper's observations of appellant at the scene and appellant's admitted consumption of alcohol. Such a determination rested within the sole province of the trial court as the fact finder in this case, and we will not disturb on appeal its evaluation of the witnesses' credibility. See Burket v. Commonwealth, 248 Va. 596, 614-15, 450 S.E.2d 124, 134 (1994) ("The trial court, as the finder of fact, is entitled to weigh the evidence, to observe the demeanor of the witnesses, and to assess their credibility.").

Based upon the evidence in this record, a rational trier of fact could have found that appellant was operating her vehicle while under the influence of alcohol. Stated another way, we

cannot say that no rational trier of fact could have concluded -- given appellant's rate of speed, her admission to drinking alcohol, her "red, watery eyes," the odor of alcohol emanating from her person, her performance on the field sobriety tests, and her confrontational behavior -- that appellant had consumed enough alcohol to "affect [her] manner, disposition, speech, muscular movement, general appearance or behavior." Thurston, 15 Va. App. at 483, 424 S.E.2d at 705. Accordingly, we hold that the trial court did not err in finding appellant guilty of driving under the influence of alcohol, second offense within ten years, in violation of Code § 18.2-266.

B. THE DENIAL OF POTENTIALLY EXCULPATORY EVIDENCE

Appellant argues that the Commonwealth denied her the opportunity for exculpatory evidence by failing to administer a breath test. In essence, appellant argues that Code § 18.2-268.2 gives an accused the statutory right to receive a breath test.[2]

This Court's recent decision in Brown-Fitzgerald v. Commonwealth, 51 Va. App. 232, 656 S.E.2d 422 (2008), refutes appellant's contention. There, we held that, "[a]lthough the language of [Code § 18.2-268.2] mandates that the arrestee 'shall submit' to a breath test, it does not impose any obligation upon the police officer to offer a breath test." Id. at 236, 656 S.E.2d at 424. Instead, "[t]he only obligation placed upon the police officer by [Code § 18.2-268.2] is to provide a blood test if the officer chooses to compel submission to chemical testing and the breath test is unavailable or the arrestee is physically unable to submit to the breath test." Id.

---

[2] Code § 18.2-268.2(B) reads, in pertinent part:

> Any person so arrested for a violation of clause (i) or (ii) of § 18.2-266 or both, § 18.2-266.1 or subsection B of § 18.2-272 or of a similar ordinance shall submit to a breath test. If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given.

- 6 -

Accordingly, appellant's claim that the Commonwealth failed to provide her with potentially exculpatory evidence in the form of a breath test lacks merit.

### III. CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

<u>Affirmed.</u>