COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


DONNA LYNN TAYLOR

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0838-09-1                   JUDGE D. ARTHUR KELSEY
                                                      MARCH 16, 2010

COMMONWEALTH OF VIRGINIA

              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                        Norman A. Thomas, Judge

          Michael C. Tillotson (Charles E. Haden, on brief), for appellant.

          Craig W. Stallard, Assistant Attorney General (William C. Mims,
          Attorney General, on brief), for appellee.


          The trial court convicted Donna Lynn Taylor of driving under the influence, second or

subsequent offense, in violation of Code § 18.2-266.  On appeal, Taylor argues the court

erroneously considered a prior DUI conviction in California, improperly refused to dismiss the

charge because of the arresting officer's failure to obtain a blood test, and based its conviction

upon insufficient evidence.  We disagree and affirm.

                                             I.

          On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  This principle

requires us to "discard the evidence of the accused in conflict with that of the Commonwealth,

and regard as true all the credible evidence favorable to the Commonwealth and all fair

inferences to be drawn therefrom."  Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755,

───────────────────
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

759 (1980) (emphasis and citation omitted). Our examination of the record "is not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling." Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008). In determining whether there is evidence to sustain a conviction, an appellate court must consider "all the evidence" admitted at trial that is contained in the record. Hamilton v. Commonwealth, 279 Va. 94, 103, 688 S.E.2d 168, 173 (2010) (quoting Bolden, 275 Va. at 147, 654 S.E.2d at 586).

While on patrol one evening in July 2008, Norfolk Police Officer Brandon P. Allison received a dispatch to be on the lookout for an intoxicated driver operating a Ford Mustang with a certain license plate number. He spotted the vehicle traveling about 15 to 20 miles per hour in a 35-mile-per-hour zone. The vehicle twice swerved between the traffic lane and the shoulder. Officer Allison activated his emergency lights and siren in an effort to stop the vehicle. The vehicle overshot a turn into a furrowed driveway and came to a stop on three wheels while suspended on the wall of the driveway. The officer asked the driver, Taylor, what she was doing. Taylor said she was parking in her driveway. Her home and driveway, however, were many blocks away.

Taylor appeared to Officer Allison to be intoxicated. She was very disoriented and confused. She could not exit the vehicle from the driver's side because she had wedged it atop the driveway retaining wall. After Taylor unsuccessfully attempted to back her vehicle off of the wall the officer reached in and took her keys. She exited the vehicle from the passenger side and tried to stand up. Unsteady on her feet, Taylor found it difficult to either stand or walk. Asked if she had taken any narcotics, Taylor said she had taken "four to five codeine pills" about 30 minutes before the stop. Taylor admitted she did not have a prescription for the pills. Taylor was too unstable to successfully perform walk-and-turn and one-legged-stand tests — two

- 2 -

standard field sobriety tests. Officer Allison terminated the tests because Taylor "could hardly even stand on her own."

Officer Allison arrested Taylor for driving under the influence of narcotics. Allison asked Taylor to submit to a blood test. When Taylor agreed, Allison contacted Norfolk General Hospital and confirmed they could administer the blood test. He then transported Taylor to the hospital and asked an attending nurse if hospital staff could perform a blood test. Taylor laughed and stated "it was funny that she was never going to be caught and in trouble for this because [the police] were never going to be able to sample her blood." After about an hour to an hour and a half, the attending nurse advised Officer Allison that the hospital's contract with the Norfolk Police Department for blood tests had expired.

Having obtained blood-testing services from DePaul Hospital in the past, Officer Allison contacted that hospital and confirmed it could perform the test. After arriving at DePaul Hospital, Allison and Taylor again waited about an hour to an hour and a half before a staff person advised them that the nurse who normally performed the tests had left for the evening. No one else was certified to administer blood tests. Because more than three hours had elapsed from the time of the arrest, Officer Allison suspended his effort to obtain a blood test and took Taylor to the magistrate's office for booking.

At her trial, Taylor testified she never told Officer Allison she had taken codeine pills. She also denied making the remarks the officer claimed she made at Norfolk General Hospital. She failed the field sobriety tests, Taylor testified, because of gravel on the road and pain from an infected tooth. A physician testified on her behalf that, as a general matter, physical pain could affect the central nervous system and cause both dizziness and a loss of balance. Sitting as factfinder, the trial court rejected Taylor's testimony and found her guilty of driving under the influence of a narcotic under Code § 18.2-266(iii), a second or subsequent conviction.

II.

A. TAYLOR'S PRIOR CALIFORNIA DUI CONVICTION

The trial court convicted Taylor of driving under the influence of narcotics in violation of

Code § 18.2-266 and punished her pursuant to Code § 18.2-270(B)(2), which governs repeat

DUI convictions between five and ten years after a prior offense either under Virginia law or any

"substantially similar laws of any other state . . . ." Code § 18.2-270(E). Taylor was convicted

in 2001 under California's DUI statute. Taylor contends on appeal California's DUI statute is

not substantially similar to Virginia law because the California statute creates a "rebuttable

presumption" of alcohol intoxication when the blood alcohol concentration (BAC) equals or

exceeds .08%. The BAC limit under Virginia law, Taylor continues, creates only a permissible

inference. Taylor claims this difference makes the statutes dissimilar for purposes of Code

§ 18.2-270(E)'s recidivism provision. We disagree.

The "substantially similar" standard under Code § 18.2-270(E) does not require the

statutes to be exact replicas of each other. They merely must be similar (not identical) in a

substantial (not insubstantial) way. The statutes need not "substantially conform in *every*

respect" to each other. Commonwealth v. Ayers, 17 Va. App. 401, 402, 437 S.E.2d 580, 581

(1993) (citation omitted and emphasis added). Thus, we need not scrutinize California's DUI

statute for every idiosyncratic, insubstantial difference between it and Virginia's DUI statute.

We look instead to the overall purpose of the two statutes, the framework of their principal

provisions, and the elements of their respective offenses. See generally District of Columbia v.

Fitzgerald, 953 A.2d 288, 303 (D.C. 2007) (discussing "differing approaches to the question of

substantial similarity of drunk driving statutes").

From this perspective, we find California's DUI statute substantially similar to Virginia's

DUI statute. In Virginia, BAC results can create "rebuttable presumptions" applicable to each

- 4 -

subset of DUI convictions under Code § 18.2-266. See Code § 18.2-269(A) (applying "rebuttable presumptions" to DUI convictions under clauses (ii), (iii), and (iv) of Code § 18.2-266; Davis v. Commonwealth, 8 Va. App. 291, 298, 381 S.E.2d 11, 15 (1989) (applying a "rebuttable presumption" to the *per se* offense under clause (i) of Code § 18.2-266). California law also employs rebuttable presumptions triggered by BAC test results. See Cal. Vehicular Code § 23152(b) (applying a "rebuttable presumption" the BAC result at the time of the test evidences the BAC level at the time of driving for purposes of a *per se* DUI conviction); Cal. Vehicular Code § 23610(a)(3) (applying a "rebuttable presumption" that the BAC result shows the driver was under the influence at the time of driving for purposes of a non-*per se* conviction under Cal. Vehicular Code § 23152(a)).

In neither Virginia nor California are the BAC presumptions mandatory or conclusive. See Yap v. Commonwealth, 49 Va. App. 622, 633, 643 S.E.2d 523, 528 (2007) ("Code § 18.2-266 does not establish a mandatory presumption"); People v. Milham, 205 Cal. Rptr. 688, 698-99 (Cal. Ct. App. 1984) (rejecting "mandatory presumption" approach). Instead, Virginia and California courts treat the presumptions as mere permissible inferences. See Yap, 49 Va. App. at 633, 643 S.E.2d at 528 (holding the presumption "allows only a permissive inference that the fact finder is free to reject"); Milham, 205 Cal. Rptr. at 700 (agreeing the "statutory presumption should be treated as a permissible inference"); People v. Randolph, 262 Cal. Rptr. 378, 384 (Cal. App. Dep't Super. Ct. 1989) (same).

For these reasons, we disagree with Taylor's assertion that California's DUI statute is not substantially similar to Virginia's DUI statute. See Moles v. Gourley, 5 Cal. Rptr. 3d 555, 564 (Cal. App. Ct. 2003) (holding California and Virginia DUI statutes "are substantially the same with respect to the conduct proscribed by the Driver License Compact — driving a motor vehicle while intoxicated"). The trial court, therefore, did not err in treating Taylor's California DUI

conviction as a predicate offense for the recidivism enhancement to her punishment under Code § 18.2-270(B)(3).

## B. THE ABSENCE OF A BLOOD TEST

Taylor argues on appeal Officer Allison's failure to obtain a blood test requires that her DUI conviction be reversed. When a police officer attempts to obtain a blood sample from a DUI arrestee, Taylor reasons, the officer must either successfully do so or provide an "adequate explanation" for the lack of success. Appellant's Br. at 16.

Taylor's argument rests on cases interpreting prior versions of Virginia's implied consent law, Code § 18.2-268.2. As we recently explained, however, the "implied consent statute has undergone many changes since it was first enacted." Brown-Fitzgerald v. Commonwealth, 51 Va. App. 232, 235, 656 S.E.2d 422, 423 (2008). When originally enacted, the statute expressly provided that a DUI arrestee "*shall be entitled to*" a blood test. Id. (quoting former Code § 18.1-55(b) (repealed) (emphasis in original)). Revised multiple times, the current version of the implied consent statute imposes no obligation on the arresting officer to provide either a blood or a breath test. "In fact, we have held 'the implied consent statute does not require that an arresting officer compel submission to chemical testing.'" Id. at 236, 656 S.E.2d at 424 (quoting Oliver v. Commonwealth, 40 Va. App. 20, 24, 577 S.E.2d 514, 516 (2003)).[1]

That conclusion is particularly true where, as here, the officer arrests a driver for driving under the influence of *drugs* in violation of clause (iii), (iv), or (v) of Code § 18.2-266. In such cases, the arrestee "*may* be required to submit to a blood test" under Code § 18.2-268.2(C).

---

[1] These statutory changes render inapt cases such as Breeden v. Commonwealth, 15 Va. App. 148, 421 S.E.2d 674 (1992), and its progeny, which interpreted prior versions of the implied consent statute that gave arrestees a right to elect between a breath or blood test. "As we recently explained, 'Breeden is inapplicable because the essential feature of the statute it interpreted has changed.'" Cutright v. Commonwealth, 43 Va. App. 593, 599 n.7, 601 S.E.2d 1, 4 n.7 (2004) (quoting Oliver, 40 Va. App. at 23, 577 S.E.2d at 516); see also Brown-Fitzgerald, 51 Va. App. at 237 n.3, 656 S.E.2d at 424 n.3.

(Emphasis added.) Nothing in the implied consent statute imposes a mandatory duty on an arresting officer to obtain blood testing for drivers suspected of being under the influence of drugs. Consequently, we need not consider the reasonableness of Officer Allison's unsuccessful efforts to obtain a BAC blood test.[2] It makes no difference whether he made a heroic effort or no effort at all. Nothing in the implied consent statute imposed upon Officer Allison a duty to obtain a blood test for Taylor. His failure to do so, whatever his reasons, cannot justify a dismissal of Taylor's DUI conviction.[3]

### C. SUFFICIENCY OF EVIDENCE — CODE § 18.2-266(iii)

Taylor challenges the sufficiency of the evidence claiming the trial court had no factual basis for her conviction. We find the assertion meritless.

An appellate court does not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original).[4] "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Id. (citation omitted

---

[2] See generally Commonwealth v. Gray, 248 Va. 633, 637, 449 S.E.2d 807, 810 (1994) (holding the sheriff's failure to have a licensed breathalyzer operator on duty at the time of defendant's arrest provided a reasonable explanation as to the unavailability of the breath test); Walker v. City of Lynchburg, 22 Va. App. 197, 200, 468 S.E.2d 164, 166 (1996) (holding that a blood test was unavailable when the laboratory technician was unable to draw defendant's blood after several attempts).

[3] Given our holding, we need not address Taylor's argument that the trial court erroneously relied upon hearsay evidence to establish the reasonableness of Officer Allison's effort to obtain a blood test from the two hospitals they visited. See Appellant's Br. at 21-23.

[4] See also McMillan v. Commonwealth, 277 Va. 11, 19, 671 S.E.2d 396, 399 (2009); Jones v. Commonwealth, 277 Va. 171, 182-83, 670 S.E.2d 727, 734 (2009); Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008).

and emphasis in original). We are "not permitted to reweigh the evidence," <u>Nusbaum v. Berlin</u>, 273 Va. 385, 408, 641 S.E.2d 494, 507 (2007), because appellate courts have no authority "to preside *de novo* over a second trial," <u>Haskins v. Commonwealth</u>, 44 Va. App. 1, 11, 602 S.E.2d 402, 407 (2004). Instead, we give factfinders

> the wide discretion to which a living record, as distinguished from a printed record, logically entitles them. The living record contains many guideposts to the truth which are not in the printed record; not having seen them ourselves, we should give great weight to the conclusions of those who have seen and heard them.

<u>James v. Commonwealth</u>, 53 Va. App. 671, 677, 674 S.E.2d 571, 574 (2009) (citation omitted). Consequently, "we do not substitute our judgment for that of the fact finder," <u>Hamilton</u>, 279 Va. at 105, 688 S.E.2d at 173, "even if our opinion were to differ," <u>Ferguson v. Commonwealth</u>, 51 Va. App. 427, 435, 658 S.E.2d 692, 696 (2008) (*en banc*) (citation omitted).

In a bench trial, a trial judge's "major role is the determination of fact, and with experience in fulfilling that role comes expertise." <u>Haskins</u>, 44 Va. App. at 11, 602 S.E.2d at 407 (citation omitted). "If reasonable jurists could disagree about the probative force of the facts, we have no authority to substitute our views for those of the trial judge." <u>Campbell v. Commonwealth</u>, 39 Va. App. 180, 186, 571 S.E.2d 906, 909 (2002). This deferential standard "applies not only to the historical facts themselves, but the inferences from those facts as well." <u>Clanton v. Commonwealth</u>, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (citation omitted).

In this case, Taylor admitted she ingested four to five unprescribed narcotic pills prior to getting behind the wheel of her vehicle. She drove well below the posted speed limit and swerved twice between the traffic lane and the shoulder. When Officer Allison activated his emergency lights and siren, Taylor pulled into someone's residential driveway claiming it was her own. She overshot the driveway leaving the vehicle teetering on three wheels and suspended

on the wall of the driveway. She appeared to Officer Allison to be intoxicated, disoriented, confused, and unsteady on her feet. Taylor was incapable of performing two field sobriety tests.

These circumstances provided an ample evidentiary basis for convicting Taylor of driving "under the influence of any narcotic drug or any other self-administered intoxicant or drug of whatsoever nature, or any combination of such drugs, to a degree which impairs his ability to drive or operate any motor vehicle" in violation of Code § 18.2-266(iii). Taylor's observable "manner, disposition, speech, muscular movement, general appearance or behavior," Leake v. Commonwealth, 27 Va. App. 101, 110, 497 S.E.2d 522, 526 (1998) (applying Code § 4.1-100 definition in DUI cases),[5] proved she was driving under the influence of narcotics.

The trial court was at liberty to disbelieve Taylor's claim that pain from a cracked tooth caused her erratic driving and, based upon this finding, "conclude that [s]he was 'lying to conceal [her] guilt.'" Bly v. Commonwealth, 55 Va. App. 1, 12, 682 S.E.2d 556, 562 (2009) (*en banc*) (citation omitted). "This principle naturally follows from the broader observation that 'whenever a witness testifies, his or her credibility becomes an issue.'" Coleman v. Commonwealth, 52 Va. App. 19, 25-26, 660 S.E.2d 687, 690-91 (2008) (citation omitted). Even when not "*inherently* incredible," a defendant's exculpatory version of events need not be accepted by the factfinder. Montgomery v. Commonwealth, 221 Va. 188, 190, 269 S.E.2d 352, 353 (1980) (emphasis in original).

---

[5] See, e.g., Cutright v. Commonwealth, 43 Va. App. 593, 598, 601 S.E.2d 1, 3 (2004) (holding an officer's observations of defendant's intoxication "moments after he stepped out of his car" was a sufficient evidentiary showing, even without BAC test results, to support a DUI conviction under Code § 18.2-266(ii)); Lemond v. Commonwealth, 19 Va. App. 687, 694, 454 S.E.2d 31, 35-36 (1995) (holding a defendant's admission that she consumed alcoholic beverages, coupled with her driving performance and lack of coordination, was sufficient to support a conviction for driving under the influence of alcohol).

III.

The trial court did not err when it considered Taylor's prior DUI conviction in California, refused to dismiss the charge because of the arresting officer's failure to obtain a blood test, and found the evidence sufficient to support Taylor's conviction for driving under the influence of drugs in violation of Code § 18.2-266(iii).  We thus affirm her conviction.

<u>Affirmed.</u>