COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Beales and Powell
Argued at Richmond, Virginia


CHRISTOPHER LEE PACKARD

MEMORANDUM OPINION[*] BY
v.       Record No. 1539-10-2            JUDGE ROBERT P. FRANK
                                          MARCH 29, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE
Edward L. Hogshire, Judge

Graven W. Craig (Graven W. Craig, PLLC, on briefs), for appellant.

Benjamin H. Katz, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Christopher Lee Packard, appellant, was convicted, by a jury, of driving under the

influence, second offense within ten years, in violation of Code § 18.2-266.  On appeal, he

contends the trial court erred in:  (1) failing to dismiss the charge when he was denied the right to

a blood test; and (2) failing to make a factual finding as to whether appellant was physically

unable to take the breathalyzer test.  For the reasons stated we reverse the judgment of the trial

court.


BACKGROUND

At approximately 1:22 a.m., University of Virginia Police Officer Christopher Snyder

stopped appellant's vehicle for speeding and squealing tires.  Based on appellant's driving, his

appearance, and his performance on the field sobriety tests, Officer Snyder arrested appellant for

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

driving under the influence of alcohol and advised appellant of the implied consent law. Appellant indicated he would submit to the breathalyzer test and was transported to jail.

The operator of the breath test instructed appellant he could not burp or belch during the twenty-minute observation period.[1]  If he did so, the waiting period must be restarted.

Appellant's burping caused the operator to restart the waiting period three times.  After the first restart, the operator advised appellant that if he belched again, he would be deemed to have refused to take the test.

After appellant belched the second time, he told the operator he had GERD (acid reflux), a condition that caused involuntary belching.  When appellant failed again to complete the waiting period, he was charged with refusal to take the test.  Appellant responded that he would take a blood or breath test.

When brought before the magistrate, appellant said he was not refusing the test.  He stated he would take a blood test or the breath test.  Officer Snyder did not allow appellant to take either test.

Officer Snyder testified that during the half hour prior to him arresting appellant, he never heard appellant burp, although he was in appellant's presence during that entire period.  Nor did Snyder hear appellant burp from the time of the arrest until appellant was placed in jail.  Appellant testified his condition really does not cause a burp, but, "it's like an air bubble coming up out of your throat . . . ."  He said he has had this condition since the 1990's and suffers from it daily.

_____

[1] The twenty-minute observation period is required by Department of Forensic Science breath test procedures and Code § 18.2-268.9.

Appellant filed a motion to dismiss contending he was entitled to either a breath or a blood test under Code § 18.2-268.2(B). The trial court denied the motion to dismiss, concluding appellant had no right to the tests.

At trial, after the Commonwealth rested appellant renewed his motion upon the same grounds as he earlier argued. Again, the trial court denied the motion.

This appeal follows.

ANALYSIS

Appellant contends he was entitled to a blood test since he was physically unable to perform the breathalyzer test required by Code § 18.2-268.2. He further contends the trial court erred in not making a factual determination of whether he was physically unable to do so.

The Commonwealth contends that appellant's argument concerning the trial court's failure to make such a factual finding is waived under Rule 5A:18. The narrow basis of this argument is that in the trial court appellant only relied on Breeden v. Commonwealth, 15 Va. App. 148, 421 S.E.2d 674 (1992), for the proposition he was entitled to the benefit of a blood test. The Commonwealth concludes appellant failed to argue that the trial court was required, pursuant to Lamay v. Commonwealth, 29 Va. App. 461, 513 S.E.2d 411 (1999), to rule on appellant's alleged inability to take the breath test.

Rule 5A:18, as it stated at the time, was clear that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." Indeed, "[i]n order to preserve an issue for appeal, 'an objection must be timely made and the grounds stated with specificity.'" McDuffie v. Commonwealth, 49 Va. App. 170, 177, 638 S.E.2d 139, 142 (2006) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986)). If a party fails to timely and

specifically object, he waives his argument on appeal. Arrington v. Commonwealth, 53

Va. App. 635, 674 S.E.2d 554 (2009).

> Rule 5A:18 serves an important function during the conduct of a trial. It places the parties on notice that they must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions. The purpose of this rule is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals.

Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986).

The record reveals that the issue of whether appellant was physically able to take the breath test was squarely before the trial court. Appellant argued, based on acid reflux, that he was unable to take the test. Appellant did argue, contrary to the Commonwealth's position, that Lamay and Brown-Fitzgerald v. Commonwealth, 51 Va. App. 232, 656 S.E.2d 422 (2008), mandated a blood test if appellant is unable to take the breath test. The trial court responded, "let's assume that --- if I believe you've carried your burden as that he could not take the breath test, . . . then does that result in the case being dismissed?"

The trial court never ruled on appellant's alleged inability because it thought it did not need to do so since it concluded appellant was not entitled to either test. We therefore conclude appellant preserved this issue below, and we will address it.

The determination of whether appellant had a statutory right to a blood test presents "a question of law . . . involv[ing] the interpretation and application" of the implied consent statute, and "we review the trial court's judgment [in this regard] *de novo*." Colbert v. Commonwealth, 47 Va. App. 390, 394, 624 S.E.2d 108, 110 (2006).

Code § 18.2-268.2(A), the implied consent statute, provides that any person who operates a motor vehicle upon a highway "shall be deemed thereby, as a condition of such operation, to have consented to have samples of his blood, breath, or both blood and breath taken for a chemical test . . . ." Code § 18.2-268.2(B) provides, "any person so arrested . . . shall submit to a

breath test. If the breath test is unavailable or the person is physically unable to submit to the breath test, a blood test shall be given."

As we said in Brown-Fitzgerald:

> Although the language of [Code § 18.2-268.2(B)] mandates that the arrestee "shall submit" to a breath test, it does not impose any obligation upon the police officer to offer a breath test. In fact, we have held "the implied consent statute does not require that an arresting officer compel submission to chemical testing." Oliver v. Commonwealth, 40 Va. App. 20, 24, 577 S.E.2d 514, 516 (2003). And because the statute no longer entitles an arrestee to chemical testing, the argument that the purpose of the statute is to benefit the arrestee has little force. *The only obligation placed upon the police officer by the language at issue is to provide a blood test if the officer chooses to compel submission to chemical testing and the breath test is unavailable or the arrestee is physically unable to submit to the breath test*.

Brown-Fitzgerald, 51 Va. App. at 236, 656 S.E.2d at 424 (emphasis added).

The clear ruling in Brown-Fitzgerald is that a driver is not entitled to a breath or blood test. However, once the arresting officer chooses to compel the driver to submit to chemical testing and the accused is physically unable to take the breath test, the accused is then entitled to a blood test and failure to allow a blood test is grounds for dismissal of the warrant. Lamay, 29 Va. App. at 476, 513 S.E.2d at 418.

The burden is on the accused to produce evidence that he was physically unable to take the breath test. Hudson v. Commonwealth, 266 Va. 371, 381, 585 S.E.2d 583, 589 (2003).

Here, the evidence of appellant's condition was conflicting. Appellant testified he suffered from acid reflux, causing him to burp involuntarily. Thus, if believed, he could not comply with the twenty-minute observation period. However, Officer Snyder testified he spoke with appellant for approximately thirty minutes at the scene and heard no burping, nor did he hear burping from the time of arrest until appellant was taken to jail.

The trial court did not resolve this conflict in testimony. The Commonwealth argues that the trial court, by denying the motion to dismiss, implicitly found appellant did not meet his burden to show he was physically unable to take the breath test. The Commonwealth cites Bennett v. Commonwealth, 33 Va. App. 335, 533 S.E.2d 22 (2000), to support its position. In Bennett, we held the trial court by denying the motion to dismiss implicitly found Bennett "feigned the taking of the breath test in order to prevent a proper breath analysis . . . ." Id. at 346, 533 S.E.2d at 28. The issue before the trial court on the motion was whether Bennett was physically able to perform the breath test.

Here, however, the trial court explicitly stated the basis of denying the motion:

> I just think that there is no more right to these tests. It seems to me . . . maybe there's a due process type issue . . . in terms of why shouldn't the defense folks have a right to – to have this exercised when they believe it to be – it would exonerate them, [a]nd I think the response is they can show – they show – they can show prejudice, and that's their right to do, but I am not going to overrule the motion to that extent.

The trial court, by concluding appellant had "no more right to these tests," found appellant was not entitled to the breath or blood test. The trial court clearly made no finding, implicit or otherwise, that appellant failed to prove he was physically unable to take the breath test. Such a ruling would be inconsistent with the trial court's finding that appellant was not entitled to either test.

We conclude the trial court erred in failing to rule on whether appellant was physically unable to take the breath test. We therefore remand for the trial court to make a factual determination, based on the evidence already before the court, whether appellant was physically unable to take the breath test. If that determination is that he was unable, the motion to dismiss must be granted and the warrant dismissed. If the trial court finds appellant was able to take the breath test, the conviction stands.

## CONCLUSION

For the reasons stated, we reverse the judgment of the trial court and remand for proceedings not inconsistent with this opinion.

<u>Reversed and remanded.</u>