COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges O'Brien and AtLee
Argued at Fredericksburg, Virginia

RODRIGO BURELA PERALTA

v.      Record No. 0873-23-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
CHIEF JUDGE MARLA GRAFF DECKER
JUNE 4, 2024

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Kathleen M. Uston, Judge

Robert L. Jenkins, Jr. (Bynum & Jenkins, on brief), for appellant.

Lindsay M. Brooker, Assistant Attorney General (Jason S. Miyares,
Attorney General), for appellee.

Following a jury trial, Rodrigo Burela Peralta was convicted for driving while under the

influence of alcohol in violation of Code § 18.2-266. Burela Peralta contends that the evidence was

insufficient to support his conviction because the Commonwealth failed to establish that he was

under the influence of alcohol. For the following reasons, we affirm the conviction.

BACKGROUND[1]

In the early morning of March 21, 2022, Officers Phillip Hetzner and Yadiel Nunez of the

City of Alexandria Police Department approached a traffic light in their police vehicles. The light

was red. The officers stopped their vehicles behind a car that was already stopped at the intersection

and waited for the light to turn green. When the light turned green, however, the car in front of

_____

* This opinion is not designated for publication. See Code § 17.1-413(A).

[1] On review of the sufficiency of the evidence to support a conviction, the appellate court
reviews the evidence in the light most favorable to the Commonwealth, as the prevailing party
below. See, e.g., Lambert v. Commonwealth, 298 Va. 510, 515 (2020).

them did not move, and the light again turned red. At this point, Hetzner got out of his police car to determine what was happening. He noted that the car was occupied and running, with the rear brake lights activated. Nunez positioned his police car in front of the stopped vehicle and walked back to join Hetzner.

Burela Peralta, asleep in the driver's seat of the car, was unresponsive when Officer Hetzner knocked on the driver's window. Hetzner "[a]ttempted to wake [Burela Peralta] up by flashing [his] flashlight into [the] vehicle" and "announcing 'Alexandria Police,' . . . 'Wake up.'"

When Burela Peralta finally awoke, he struggled to shift the car from "drive" to "park." Officer Hetzner asked him to open the door so they could talk. Burela Peralta had trouble with that request as well, hitting a button several times before successfully unlocking the door. After Hetzner opened Burela Peralta's door, he noticed a "strong odor" of alcohol. Burela Peralta's eyes were "glossy," and he fumbled through his wallet twice before producing his driver's license. His speech was slurred, and his responses to the officers were delayed.

Burela Peralta ultimately got out of the car at the officers' behest but "appeared a little sluggish" and "unsteady on his feet, as he was sort of stumbling." Officer Hetzner confirmed that Burela Peralta was physically able to perform field sobriety tests. Hetzner asked him to complete three tests: "the walk-and-turn test," "the one-legged stand," and a "finger dexterity test." Burela Peralta was unable to follow the directions for the walk-and-turn test. While receiving the instructions for "the walk-and-turn test," Burela Peralta stated that he could not understand English. At that point, Nunez, who spoke Spanish as his first language, began to interpret from English to Spanish.[2] Burela Peralta improperly performed the one-leg stand by failing to lift the heel of his

---

[2] As Hetzner continued to give instructions on the field sobriety tests, Burela Peralta responded before Officer Nunez was able to translate. Nunez stopped translating after concluding that Burela Peralta understood the instructions in English without difficulty.

foot from the ground. Similarly, when attempting the "finger dexterity test," Burela Peralta failed to follow instructions.

Officer Hetzner arrested Burela Peralta and took him to a detention center. Once there, Burela Peralta was informed about the implied consent statute but refused to provide a breath sample. He was charged under a warrant that recited a violation of several different subsections of Code § 18.2-266, including that he operated a motor vehicle "while . . . under the influence of alcohol."

Burela Peralta was tried by a jury. At the conclusion of the Commonwealth's evidence and again after the close of the case, Burela Peralta made motions to strike the evidence as insufficient as a matter of law. The trial court denied the motions. The jury found Burela Peralta guilty of driving under the influence of alcohol.[3] He was sentenced to 180 days of incarceration for the challenged offense, with all of that time suspended.

ANALYSIS

Burela Peralta challenges the sufficiency of the evidence to support his conviction. He specifically argues that the Commonwealth failed to prove that he was under the influence of alcohol at the time of the encounter.

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). This deference is also owed to the fact finder's inferences drawn "from basic facts to ultimate facts." *See Commonwealth v. Barney*, 302 Va. 84, 102 (2023) (quoting *Musacchio v. United States*, 577 U.S. 237, 243 (2016)). "The question on appeal, is whether 'any rational trier

---

[3] The jury also found Burela Peralta guilty of driving on a suspended license, stopping on the highway, and unreasonably refusing a breath test. He does not appeal those convictions.

of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Ingram*, 74 Va. App. at 76 (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial,'" in this case, the jury. *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

In conducting this inquiry, this Court "does not distinguish between direct and circumstantial evidence, as the fact finder . . . 'is entitled to consider all of the evidence, without distinction, in reaching its determination.'" *Commonwealth v. Moseley*, 293 Va. 455, 463 (2017) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 512-13 (2003)). Further, "[c]ircumstantial evidence is not 'viewed in isolation' because the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable [fact finder]' to conclude beyond a reasonable doubt that a defendant is guilty." *Rams v. Commonwealth*, 70 Va. App. 12, 27 (2019) (second alteration in original) (quoting *Muhammad v. Commonwealth*, 269 Va. 451, 479 (2005)).

To obtain a conviction for the instant offense, the Commonwealth must prove that Burela Peralta drove or operated a motor vehicle and did so while under the influence of alcohol.[4] *See* Code § 18.2-266. For purposes of the statute, a person is under the influence of alcohol when he "has drunk enough alcoholic beverages to observably affect his manner, disposition, speech, muscular movement, general appearance or behavior." *See Leake v. Commonwealth*, 27 Va. App. 101, 110 (1998) (applying the definition of intoxication in Code § 4.1-100 to Code § 18.2-266). Without chemical testing, this element may be proved by considering "all of the evidence of [the

---

[4] Code § 18.2-266 contains different subsections. One requires proof of blood alcohol content, but the subsection at issue here does not. *See* Code § 18.2-266(i)-(ii).

accused's] condition at the time of the alleged offense." *Beckham v. Commonwealth*, 67 Va. App. 654, 662 (2017) (alteration in original) (quoting *Leake*, 27 Va. App. at 109).

In the current case the jury was presented with an abundance of circumstantial evidence that Burela Peralta was under the influence of alcohol, the only issue on appeal. As already noted, "it 'is axiomatic that any fact that can be proved by direct evidence may be proved by circumstantial evidence.'" *Ervin v. Commonwealth*, 57 Va. App. 495, 505 (2011) (en banc) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 6 (2004)). "[W]hile no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances . . . may lead a reasonable mind irresistibly to a conclusion" of guilt. *Williams v. Commonwealth*, 71 Va. App. 462, 484-85 (2020) (alterations in original) (quoting *Moseley*, 293 Va. at 463). "The only requirement" in a circumstantial case is that the Commonwealth "put on enough circumstantial evidence such that a reasonable [fact finder] could have rejected [the] defendant's [hypothesis] of innocence." *Davis v. Commonwealth*, 65 Va. App. 485, 502 (2015). "The reasonable-hypothesis principle . . . is 'simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'" *Moseley*, 293 Va. at 464 (quoting *Hudson*, 265 Va. at 513). "When examining an alternate hypothesis of innocence, the question is not whether 'some evidence' supports the hypothesis, but whether a rational factfinder," in this case a jury, "could have found that the incriminating evidence renders the hypothesis of innocence unreasonable." *Vasquez v. Commonwealth*, 291 Va. 232, 250 (2016) (quoting *Hudson*, 265 Va. at 513).

Viewing the evidence in the light most favorable to the Commonwealth, Burela Peralta was sleeping in a car in drive with its engine engaged while stopped at a traffic light. He failed to proceed through the intersection when the light turned green, and the police had trouble waking him. He smelled strongly of alcohol, was "sluggish" and "unsteady on his feet," slurred his words, and had "glossy" eyes. Burela Peralta had trouble with his fine motor skills, as demonstrated by his

difficulty shifting the car into park, unlocking the car door, and locating his driver's license. In addition, he failed to successfully complete any of the field sobriety tests that Officer Hetzner attempted to administer. *See Nash v. Commonwealth*, 12 Va. App. 550, 553-54 (1995) (listing the appellant's poor performance on field sobriety tests as evidence supporting his conviction of driving under the influence of alcohol).

The jury weighed the evidence and rejected Burela Peralta's alternative hypotheses that his behavior resulted from fatigue, confusion, or language difficulties. This conclusion is supported by the evidence that he smelled strongly of alcohol and the testimony describing his physical demeanor during the encounter. *See generally Case v. Commonwealth*, 63 Va. App. 14, 24-25 (2014) (affirming driving while intoxicated conviction in circumstantial case because evidence supported fact finder's rejection of the appellant's hypothesis of innocence). In addition, Nunez, whose first language was Spanish, began interpreting for Burela Peralta once he claimed difficulty understanding English. Officer Nunez stopped translating when it became apparent that Burela Peralta understood and spoke English. On this record, the jury could reasonably infer that Burela Peralta was under the influence of alcohol. *See Vasquez*, 291 Va. at 250. Finally, contrary to Burela Peralta's suggestion that the conviction must be reversed because the Commonwealth failed to present scientific proof that he was under the influence of alcohol, the law does not require such test results to support a conviction. *See Brooks v. City of Newport News*, 224 Va. 311, 316 (1982) ("The result of a breath analysis is but auxiliary proof which may tend to corroborate evidence of the objective symptoms . . . ."); *Oliver v. Commonwealth*, 40 Va. App. 20, 24 (2003) ("Test results from a breath or blood test are not necessary or required to prove driving under the influence of alcohol or drugs.").

Based on the evidence of Burela Peralta's "manner, disposition, speech, muscular movement, general appearance[, and] behavior," as well as the odor of alcohol about his person, the

jury reasonably concluded that he was under the influence of alcohol while driving. *See Leake*, 27

Va. App. at 110 (quoting Code § 4.1-100). That decision was supported by the record and was not

plainly wrong. *See Moseley*, 293 Va. at 465. Accordingly, the evidence was sufficient to prove

beyond a reasonable doubt that Burela Peralta committed the offense of driving under the influence

of alcohol in violation of Code § 18.2-266.

## CONCLUSION

Based on the record, the evidence was sufficient for the jury to find that the appellant was

under the influence of alcohol while he slept in his car at the traffic light. Therefore, the

evidence supports his conviction. Accordingly, we affirm the trial court's judgment.

*Affirmed.*